Kenneth H. NELSON, Appellant,

v.

Gene A. REMMERT and Betty Remmert, Appellees.

No. A14–86–673–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 2, 1987.

Rehearing Denied March 12, 1987.

---

Christopher W. Barnes, Houston, for appellant.

Sidney Levine, Sealy, for appellees.

Before J. CURTISS BROWN, C.J., and PAUL PRESSLER and MURPHY, JJ.

## OPINION

PAUL PRESSLER, Justice.

This is an appeal by writ of error from a default judgment entered in favor of appellees. The controlling issue is whether the face of the record shows effective service of citation on appellant. We affirm.

On September 10, 1985, appellees filed suit against appellant for allegedly defaulting on a promissory note. Service was by certified mail. After appellant failed to answer, a default judgment was entered on January 24, 1986.

In his first point of error appellant complains that "the trial court improperly granted a default judgment because neither the officer's return of citation nor the certified mail green return receipt card show the date on which the citation was allegedly served."

This is a writ of error proceeding. Therefore, the question before this court is whether there is error on the face of the record which invalidates the trial court's judgment. *McKanna v. Edgar*, 388 S.W.2d 927, 928 (Tex.1965). Appellant correctly points out that failure to show affirmatively strict compliance with the rules relating to the issuance, service and return of the citation renders the attempted service invalid. *Cates v. Pon*, 663 S.W.2d 99, 102 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). Appellant correctly argues that Tex.R.Civ.P. 107 is controlling in this case. The rule, in pertinent part, states:

> The return of the officer executing the citation shall be endorsed on or attached to the same; it shall state when the citation was served and the manner of service and be signed by the officer officially. When the citation was served by registered or certified mail as authorized by Rule 106, the return by the officer must also contain the return receipt with the addressee's signature.

*Id.*

■ Here, the officer's return shows that he endorsed the citation, it was served by mail on December 10, 1985, and he officially signed it. The certified mail return receipt was attached and bears the addressee's signature. While the actual date of delivery is omitted, the certified mail return receipt is postmarked December 14, 1985. Clearly appellant received the citation on or before that date. Thus the officer's return complied with the requirements of Tex.R.Civ.P. 107. Appellant's first point of error is overruled.

■ In his second point of error appellant contends that "the trial court improperly granted a default judgment because the certified mail green return receipt card which purportedly shows that the citation has been served, does not show what instrument, if any, was served." In support of this contention appellant only cites *Met-*

*calf v. Taylor*, 708 S.W.2d 57 (Tex.App.—Fort Worth 1986, no writ). Appellant's reliance on this case is misplaced. In *Metcalf* the citation did not comply with *any* of the requirements of Tex.R.Civ.P. 107 because the officer's return was not signed or even filled out at all. Here, the requirements of Tex.R.Civ.P. 107 have been met. In Texas, there is no rule of civil procedure or case law that requires a certified mail return receipt to disclose what document, if any, has been served. Such a requirement would, on occasion, be a practical impossibility. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.