## GENERAL ELECTRIC CREDIT CORPORATION

v.

## MIDLAND CENTRAL APPRAISAL DISTRICT, et al.

No. D–1170.

Supreme Court of Texas.

Oct. 16, 1991.

Rehearing Overruled April 22, 1992.

Smilie Watkins, Dallas, Greg White, Waco, for appellant.

Roy L. Armstrong, Austin, Robert Mott, Houston, Mark H. Dettman, Midland, Dan Morales, Bill Kimbrough, Austin, for appellees.

PER CURIAM.

We consider whether the court of appeals properly assessed damages against General Electric Credit Corporation under Rule 84 of the Texas Rules of Appellate Procedure. Under the circumstances present in this cause, we conclude that the damages are not justified.

Midland County and Freestone County taxing authorities[1] assessed taxes on a Lear Jet aircraft owned by General Electric Credit Corporation ("GECC"). GECC neither filed a formal tax protest with the appraisal review board of either county as required under sections 41.41–41.44 of the Texas Tax Code nor otherwise attempted to utilize the administrative hearing procedures under the Texas Tax Code. Instead, GECC filed suit against the Midland County and Freestone County taxing authorities seeking a judicial determination of the legal situs of the aircraft for taxation purposes and challenging the constitutionality of the Tax Code. Midland Central Appraisal District counterclaimed for delinquent 1987 taxes on the aircraft and Midland County intervened for delinquent 1987 taxes. The trial court granted summary judgment for Midland Central Appraisal District and Midland County on their counterclaim for delinquent 1987 taxes. The trial court also granted summary judgment for all of the taxing authorities on GECC's legal situs and constitutional claims. The court of appeals affirmed, holding that GECC's failure to exhaust the administrative procedures of the Tax Code deprived the court of jurisdiction to hear the claims. The court of appeals also awarded damages under Rule 84 of the Texas Rules of Appel-

---

1. The "Midland County and Freestone County taxing authorities" include the Midland Central Appraisal District and Appraisal Review Board of Midland Central Appraisal District, Freestone County Appraisal District and Appraisal Review Board of Freestone County, Midland County and Freestone County.

late Procedure[2] to each of the taxing authorities in the amount of ten times total taxable costs. 808 S.W.2d 169.

GECC did not follow the administrative procedures set out in the Tax Code, despite a significant body of Texas law requiring a taxpayer to exhaust administrative remedies before challenging a tax assessment. *See, e.g., Webb County Appraisal Dist. v. New Laredo Hotel,* 792 S.W.2d 952, 954 (Tex.1990); *Dallas County Appraisal Dist. v. Lal,* 701 S.W.2d 44, 46 (Tex.App.— Dallas 1985, writ ref'd n.r.e.). However, GECC had at least an arguable basis for refusing to follow the Tax Code provisions, including cases holding that a party who avails itself of the benefits of the Texas Tax Code may not challenge the constitutionality of that statute. *See, e.g., Birdville Indep. School Dist. v. First Baptist Church of Haltom City,* 788 S.W.2d 26, 30 (Tex.App.—Fort Worth 1988, writ denied); *Hurst v. Guadalupe County Appraisal Dist.,* 752 S.W.2d 231, 232–33 (Tex.App.— San Antonio 1988, no writ). GECC's brief was well-researched and raised several arguable points of error. GECC's arguments, even if unconvincing, had a reasonable basis in law and constituted an informed, good-faith challenge to a trial court judgment. As a result, under the circumstances present in this cause, an award of damages under Rule 84 was not justified.

Pursuant to Rule 170 of the Texas Rules of Appellate Procedure, a majority of the court grants General Electric Credit Corporation's application for writ of error and, without hearing oral argument, reverses that part of the judgment of the court of appeals assessing Rule 84 damages against General Electric Credit Corporation.

---

**2.** Rule 84 provides, in pertinent part:

In civil cases where the court of appeals shall determine that an appellant has taken an appeal for delay and without sufficient cause, then the court may, as part of its judgment, award each prevailing appellee an amount not to exceed ten percent of the amount of damages awarded to such appellee as damages against such appellant. If there is no amount awarded to the prevailing appellee as money damages, then the court may award, as part of its judgment, each prevailing appellee an amount not to exceed ten times the total taxable costs as damages against such appellant.