CONSECO FINANCE SERVICING Corporation f/k/a Green Tree Financial Servicing Corporation, Appellant,

v.

KLEIN INDEPENDENT SCHOOL DISTRICT, Harris County, Harris County Education Department, Port of Houston of Harris County Authority, Harris County Flood Control District, North Harris Montgomery College, Harris County Hospital District, Harris County Rural Fire Prevention District 16, Harris County Water Control and Improvement District Number 114, Appellees.

No. 14–01–00490–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 30, 2002.

Margaret Ann Noles, Kelly Harvey, Houston, for appellant.

Alan D. Andrews, Mark W. Brooks, Panka J. R. Parmar, Terry G. Wiseman, Houston, Ernest C. Garcia, Austin, for appellees.

Panel consists of Chief Justice BRISTER and Justices ANDERSON and FROST.

## OPINION

KEM THOMPSON FROST, Justice.

In this restricted appeal, appellant Conseco Finance Servicing Corporation f/k/a

Green Tree Financial Servicing Corporation ("Conseco") challenges the default judgment entered in favor of appellees, Klein Independent School District ("Klein ISD"), Harris County, Harris County Education Department, Port of Houston of Harris County Authority, Harris County Flood Control District, North Harris Montgomery College, Harris County Hospital District, Harris County Rural Fire Prevention District 16, and Harris County Water Control and Improvement District Number 114 (collectively, "taxing units"), for delinquent property taxes due on a parcel of land owned by Conseco. Conseco contends the trial court erred in granting the default judgment because the record does not show strict compliance with the Texas Rules of Civil Procedure regarding issuance of citation and return of service, thereby rendering the service insufficient to confer personal jurisdiction over Conseco. Because the record shows strict compliance with the rules and because the citation and return were not defective, we affirm the default judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Klein ISD brought suit against Larry and Stacy Meeusen to collect delinquent ad valorem property taxes. Conseco, as a lienholder on the Meeusen property, was also named in the tax suit. Klein ISD sought establishment and foreclosure of liens on the property to secure payment of the past due taxes. The citation, issued on August 22, 2000, and attached to Klein ISD's petition, read:

> CONSECO FINANCE SERVICING CORPORATION F/K/A GREEN TREE FINANCIAL SERVICING CORPORATION
>
> BY SERVING ITS REGISTERED AGENT: C.T. CORPORATION SYSTEM
>
> BY SERVING ITS REGISTERED AGENT: SHIRLEY DILLON
>
> 350 N. ST. PAUL STREET
>
> DALLAS, TEXAS 75201

The citation also contained the following recitation:

> The name [sic] of all taxing units which assess and collect taxes who may set up their claims to seek recovery of delinquent ad valorem taxes on said property not made a party to said suit are: Harris County, Texas;
>
> NORTH HARRIS MONTGOMERY- COLLEGE; [sic] HARRIS COUNTY- WATER [sic] CONTROL AND IMPROVEMENT DISTRICT # 114; HARRIS COUNTY RURAL FIRE PREVENTION DISTRICT # 16

The citation included other pertinent information and ordered appellant to file a written answer within the time set out in Texas Rule of Civil Procedure 99b. The Dallas County Sheriff's Department received the citation for execution on August 30, 2000, at 9:00 a.m. The return is reproduced below:

## RETURN

Come to hand on the ___30___ day of ___Aug_____, 2000, at ___9___ o'clock ___A___.m., and executed in _____DALLAS_____ County, Texas, by delivering to each of the within named Defendants, in person a true copy of this citation at the following time and places, to-wit: *Conseco Finance Servure Corporation FKA Greentree Financial Servce*

NAME: *C. T. CORP SYS R/A* *Glundy Dalton / R.a*

DATE SERVED - (MONTH, DAY, YEAR)
___9___ - ___1___ - ___2000___

PLACE OF SERVICE: 350 *N. ST. PAUL ST. DALLAS* *Dallas Tx*

And not executed as to the Defendant, the diligence used in finding said Defendant being _____ _____.

FEE: $ _50,_

TEXAS

**JIM BOWLES** Sheriff of Dallas County _____ COUNTY, by: _____ DEPUTY

J.J. Pena #150 Deputy Sheriff

Dallas County Sheriff's Dept.
Writ Enforcement Section 3132
133 N. Industrial Blvd. LB-31
Dallas, TX 75207
_____
AUTHORIZED PERSON

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public on _____ day of _____, 2000.

_____
NOTARY PUBLIC

0017

On October 5, 2000, the taxing units named in the citation (other than Klein ISD), plus four others—Harris County Education Department, Port of Houston of Harris County Authority, Harris County Flood Control District, and Harris County Hospital District—filed a plea in intervention. Each intervenor sought to recover ad valorem property taxes on the same parcel of land. Conseco failed to answer or appear in the case. On October 6, 2000, the trial court conducted a default hearing against Conseco in which all nine taxing units participated. The trial court signed a default judgment on October 10, 2000, ordering the foreclosure and sale of the property for payment of delinquent taxes and costs to three of the nine taxing units: Klein ISD, Harris County, and Harris County Rural Fire Prevention District 16.

These three entities were among those named in the citation delivered to Conseco. The claims of all other intervenors were dismissed without prejudice.

Conseco claims it first realized that a default judgment had been taken against it when the property made the subject of the tax suit was sold at a tax sale in February of 2001. At the time of the tax sale, Conseco was the owner of the property, having foreclosed its purchase money lien in January of 2001. Conseco now directly attacks the trial court's judgment by restricted appeal. *See* Tex.R.App. P. 30.

## II. STANDARD OF REVIEW

■ A direct attack on a judgment by restricted appeal must: (1) be brought within six months after the trial court signs the judgment; (2) by a party to the suit; (3) who did not participate in the hearing that resulted in the judgment made the subject of the complaint; (4) who did not file a post-judgment motion, request for findings of fact and conclusions of law, or other notice of appeal; and (5) the error that forms the basis of the complaint must be apparent on the face of the record. *See id.; Norman Communications v. Texas Eastman Co.,* 955 S.W.2d 269, 270 (Tex.1997).

■ Review by restricted appeal affords the appellant a review of the entire case, just as in an ordinary appeal, with the only restriction being that any error must appear on the face of the record. *See Norman Communications,* 955 S.W.2d at 270. The face of the record for purposes of a restricted appeal consists of all the papers on file before the judgment as well as the reporter's record. *See id.* Conseco has met the criteria for a restricted appeal. Conseco brought this attack within six months after the judgment was signed. Conseco is a party to the suit and did not participate at trial or file post-judgment motions or other notice of appeal. The claimed error—alleged defective service—can be determined from the face of the record.

## III. ISSUES PRESENTED ON APPEAL

In its sole issue, Conseco contends the citation was defective, thereby rendering the service insufficient to sustain personal jurisdiction over Conseco. Within this issue, Conseco alleges three specific grounds in support of its argument that the citation is defective. First, Conseco contends that Article 2 of the Texas Business Corporation Act does not authorize service of process on a corporation "by service on the registered agent of the registered agent of a corporation." Thus, Conseco argues, service on Shirley Dillon, the registered agent of C.T. Corporation System, which is the registered agent of Conseco, was not proper service. Next, Conseco argues that the date of service on the return is unrecognizable and, therefore, does not strictly comply with Texas Rules of Civil Procedure 16 and 105, requiring time and date on the return. *See* Tex.R. Civ. P. 16 (requiring server to endorse process with day and hour of receipt and the time and place of service); Tex.R. Civ. P. 105 (requiring officer to execute and return process without delay). Finally, Conseco argues that the citation is fatally defective because it did not name all of the taxing units that assess and collect taxes on the delinquent property, as required by Texas Rule of Civil Procedure 117a.

## IV. SUFFICIENCY OF RETURN OF SERVICE

### A. *Was service on the registered agent of the registered agent proper?*

Conseco contends that Article 2 of the Texas Business Corporation Act does not authorize service of process on a corporation "by service on the registered agent of

the registered agent of a corporation." Articles 2.09 and 2.11 of the Texas Business Corporation Act apply to Conseco because Conseco is a corporation doing business in Texas. Article 2.09 provides:

A. Each corporation shall have and continuously maintain in this State:

(1) A registered office which may be, but need not be, the same as its place of business.

(2) A registered agent, which agent may be either an individual resident in this State whose business office is identical with such registered office, or a domestic corporation, or a foreign corporation authorized to transact business in this State which has a business office identical with such registered office.

TEX. BUS. CORP. ACT art. 2.09 (Vernon 1980). Article 2.11, entitled "Service of Process on Corporation" states:

The president and all vice presidents of the corporation and the registered agent of the corporation shall be agents of such corporation upon whom any process, notice, or demand required or permitted by law to be served upon the corporation may be served.

TEX. BUS. CORP. ACT art. 2.11 (Vernon 1980).

The record shows the citation was issued to Conseco "by serving its registered agent: C.T. Corporation System by serving its registered agent: Shirley Dillon" at 350 N. St. Paul Street, Dallas, Texas. The return likewise indicates that the citation was delivered to Conseco by serving "C.T. Corp Sys R/A Shirley Dillon /RA" at "350 N. St. Paul St., Dallas, Texas."

Conseco argues that because an individual, Shirley Dillon, was served and there was an allegation in the petition that she was the registered agent *of the registered agent* of Conseco (and not the registered agent of Conseco), there is too much "room

for error that the individual served was not the person or entity required to be served pursuant to Art. 2.11 of the Texas Business Corporation Act." Conseco's argument lacks merit.

Relying on the holding in *NBS Southern, Inc. v. Mail Box, Inc.,* Conseco argues that the record does not prove Shirley Dillon was the registered agent of either Conseco or C.T. Corporation System at the time of service. 772 S.W.2d 470 (Tex. App.-Dallas 1989, writ denied). In *NBS Southern, Inc.,* the trial court entered a default judgment against NBS, and the appellate court reversed, finding defective service of process. *Id.* In that case, an officer's return certified that citation was served by delivering the citation to NBS "by delivering to its registered agent for service, Prentice–Hall Corporation System, Inc., by delivering to its Manager, Richard J. Milos." *Id.* at 470. The court held that service was defective because the record contained no proof independent of the allegations in the petition, recitals in the citation, and statements in the return, that Prentice Hall was actually NBS's registered agent. *Id.* at 471.

■ We decline to follow the holding in *NBS Southern Inc.,* and instead follow the majority of courts of appeals that hold to the contrary. In most courts, a recital in the petition that a named person or entity is the registered agent for service on the defendant is prima facie evidence of that fact, sufficient to support a default unless the defaulted defendant proves otherwise. *See, e.g., K–Mart Apparel Fashions v. Ramsey,* 695 S.W.2d 243, 246 (Tex.App.-Houston [1st Dist.] 1985, writ ref'd n.r.e.) (affirming default judgment when nothing in record contradicted petition, citation, and return asserting that person served was defendant's registered agent); *Cox Marketing v. Adams,* 688 S.W.2d 215, 218 (Tex.App.-El Paso 1985, no writ) (holding

no extrinsic proof of status necessary when petition and citation alleged that person served was registered agent, and defendant did not file an affidavit or motion to quash challenging these assertions.) The majority rule that allegations in the service documents are prima facie proof of capacity parallels the rules for most other aspects of service. *See Primate Const. v. Silver,* 884 S.W.2d 151, 152 (Tex.1994) (stating that the return is prima facie proof of matters stated in it). This rule allows a defendant to rebut a fraudulent pleading of agency, without requiring trial courts to conduct a plenary hearing on every facet of every default judgment.

Conseco concedes that "[a]ccording to the return it appears that Shirley Dillon was actually the person served with citation as registered agent of C.T. Corporation System." A corporation may be named as a registered agent. Conseco's registered agent, C.T. Corporation is itself a corporation that must maintain its own registered agent in Texas. *See* TEX. BUS. CORP. ACT art. 2.09; *see also Nat'l Med. Enter. of Texas v. Wedman,* 676 S.W.2d 712, 715 (Tex. App.–El Paso 1984, no writ) (holding that "since the citation was delivered to [the defendant's] registered agent for service, the C.T. Corporation System, by delivering to its registered agent for service, Mary Lou Boring, the required compliance with [article 2.11] was shown"). Shirley Dillon, as registered agent for C.T. Corporation System, lawfully received what was addressed to and intended for C.T. Corporation System. *See* TEX. BUS. CORP. ACT art. 2.11. Both the citation and the return sufficiently identify Conseco as the defendant, C.T. Corporation System as Conseco's registered agent, and Shirley Dillon as C.T. Corporation System's registered agent. Therefore, the citation and the return were sufficient to confer personal jurisdiction over Conseco in the absence of contrary proof or allegation. *See*

*Primate Construction, Inc.,* 884 S.W.2d at 152 n. 1 (holding that "[t]he return is prima facie evidence of a person's status as a registered agent in the same way that it is prima facie evidence of a corporate officer's status").

### B. Was the date of service on the return recognizable?

■ Next, Conseco argues that the date of service on the return is unrecognizable and, therefore, does not strictly comply with the Texas Rules of Civil Procedure, which require a notation of the time and date on the return. *See* TEX.R. CIV. P. 16 ("Every officer or authorized person shall endorse on all process and precepts coming to his hand the day and hour on which he received them ... and the time and place the process was served."); TEX.R. CIV. P. 105 ("The officer or authorized person to whom process is delivered shall endorse thereon the day and hour on which he received it, and shall execute and return the same without delay"); TEX.R. CIV. P. 107 ("the return of the officer executing the citation ... shall state when the citation was served.") Conseco relies on a century-old case, *Llano Improvement Co. v. Watkins,* 4 Tex.Civ.App. 428, 23 S.W. 612 (1893, writ dism'd), in support of its argument that an illegible date renders service defective. In the *Llano* case, return of service indicated that the citation "Came to hand the 24th day of September, A.D. 1891, at 12 o'clock a.m., and executed the 24th day of, A.D. 189—, by delivering to ..." *Id.* Because the month and the last numeral in the year were omitted, the appellate court found the date of service impossible to determine and therefore deemed it fatally defective. *Id.* Unlike the omission in that return, the date is not impossible to determine on the return in this case. The year "2000" is typewritten on the return as the year in which the

Dallas County Sheriff's Department received the citation. The return was filed of record September 14, 2000. Though the serving officer's handwriting, standing alone, might create some ambiguity as to the last digit of the year, a careful review of all of the officer's handwritten portions of the return demonstrates that the officer's marks were intended to indicate a zero as the last digit of the year. The officer had a unique handwriting style in denoting double zeroes—the double zeroes in the $50.00 return fee are the same as the marks used to indicate the last two zeroes in the year 2000, written just above the return fee.

■ "A return should be given a fair, reasonable and natural construction to its plain intent and meaning." *Bavarian Autohaus, Inc. v. Holland*, 570 S.W.2d 110, 114 (Tex.Civ.App.-Houston [1st Dist.] 1978, no writ); *accord Johnson v. Cole*, 138 S.W.2d 910, 912 (Tex.Civ.App.-Austin 1940, writ ref'd) (stating that, in view of the printed year dates on the form of the citation and the year the citation was issued, there was no doubt as to the year endorsed by the officer on the return); *Nelson v. Remmert*, 726 S.W.2d 171, 172 (Tex.App.-Houston [14th Dist.] 1987, writ ref'd n.r.e.) (holding officer's return complied with Rule 107 when officer endorsed that he served the citation by certified mail on December 10, 1985 and the actual date the citation was delivered or received was omitted but the postmark on the return receipt was dated December 14, 1985); *Pratt v. Moore*, 746 S.W.2d 486, 488 (Tex. App.-Dallas 1988, no writ) (holding when citation was issued on October 11, 1986, and return showed it was served on November 11, 1986 and filed with the court on November 14, 1986, return was not fatally defective for officer's erroneous typographical endorsement that he had recorded it on *November* 30, 1986, as this

was clearly error that should have read "*October*"). Viewing the return as a whole, the handwritten date is plainly discernable.

## C. Does the failure to name all taxing units, as required by Texas Rule of Civil Procedure 117a render the citation fatally defective?

Finally, Conseco argues that the citation is fatally defective because it did not name all of the taxing units that assess and collect taxes on the delinquent taxpayers' property as required by Texas Rules of Civil Procedure 117a. *See* TEX.R. CIV. P. 117a(4).

Texas Rule of Civil Procedure 2 specifically instructs "that Rule 117a shall control with respect to citation in tax suits." TEX.R. CIV. P. 2. Rule 117a, in turn, states: "*In all suits for collection of delinquent ad valorem taxes*, the rules of civil procedure governing issuance and service of citation shall control the issuance and service of citation therein, *except as herein otherwise specially provided.*" TEX.R. CIV. P. 117a (emphasis added). Subsection 1 of Rule 117a, entitled, "Personal Service: Owner and Residence Known, Within State," states:

> Where any defendant in a tax suit is a resident of the State of Texas ... the *process shall conform substantially to the form hereinafter set out for personal service* and shall contain the essential elements and be served and returned and otherwise regulated by the provisions of Rules 99 to 107 inclusive.

TEX.R. CIV. P. 117a(1) (emphasis added). Section 4 of Rule 117a, which sets forth the requirements for citation in tax suits, states in part:

> Any process authorized by this rule *may* issue jointly in behalf of all taxing units who are plaintiffs or intervenors in any tax suit. The statement of the nature of

the suit ... shall be sufficient if it ... shall state, in substance, that in such suit the plaintiff and all other taxing units *who may set up their claims therein* seek recovery of the delinquent ad valorem taxes due on said property ... Such citation *shall also show the names of all taxing units which assess and collect taxes on said property not made parties to such suit* ...

Tex.R. Civ. P. 117a(4) (emphasis added). Rule 117a(4) also contains this additional language:

After citation ... has been given on behalf of any plaintiff or intervenor taxing unit, the court *shall* have jurisdiction to hear and determine the tax claims of all taxing units who are parties plaintiff, intervenor or defendant at the time such process is issued *and of all taxing units intervening after such process is issued ... without the necessity of further citation* ... and any taxing unit having a tax claim against said property ... *may* ... set up and have determined its tax claim *without the necessity of further citation* or notice to any parties to such suit.

*Id.* (emphasis added). The taxing units argue that Rule 117a stands for the proposition that any taxing unit *named* in the citation, but not yet a party to the tax suit, may later join the suit without further service of process. We agree that this, without more, is sufficient under Rule 117a to confer jurisdiction over intervening taxing units already named in the citation. However, that is not exactly the situation now before us.

Here, there were more taxing units named in the default judgment than were named in the citation, and no subsequent citations were served to give the defendant (Conseco) notice that additional, previously unnamed taxing units, had since inter-

vened. The following taxing units were named in the original citation:

Klein ISD,

Harris County, Texas,

North Harris Montgomery College,

Harris Countywater Control and Improvement District 114, and

Harris County Rural Fire Prevention District 16.

Four more taxing units, not named in the original citation, later intervened:

Harris County Education Department,

Port of Houston of Harris County Authority,·

Harris County Flood Control District, and

Harris County Hospital District.

However, only three, Klein ISD, Harris County, and Harris County Rural Fire Prevention District 16, recovered anything in the default judgment. These three taxing units were among those named in the citation served on Conseco. All other taxing units made parties to the suit were dismissed from the suit without prejudice. The record shows only one citation was issued and it does not show "*all taxing units which assess and collect taxes on said property not made parties to such suit.*" Tex.R. Civ. P. 117a(4) (emphasis added). Thus, the critical question is whether a citation that does not include the names of all taxing units that assess and collect taxes on a named property is still sufficient notice as to those taxing units that are named in the citation.

The taxing units, relying on *Mexia Indep. Sch. Dist. v. City of Mexia,* argue that a defendant is charged with knowledge of the law and must know from the nature of the suit that the claims of other taxing units may be addressed without further citation. 134 Tex. 95, 133 S.W.2d 118, 121–22 (1939) Although *Mexia* addresses the issue of intervening taxing units *identified*

in the original citation, and the case before us involves intervenors *not* identified in the original citation as required by Rule 117a, *Mexia* is still instructive.

▮ In *Mexia*, as in this case, only one citation was served on the defendant in a suit to recover delinquent property taxes. *Id.* However, the facts are slightly different. The city of Mexia brought suit against the property owner to recover delinquent taxes. *Id.* Three other taxing authorities—the Mexia Independent School District, the State of Texas, and the county of Limestone—were joined as defendants. *Id.* The property owner, the state, and the county defaulted. *Id.* Mexia ISD answered and filed a cross-action against the property owner for taxes due on the same property and sought foreclosure of its lien. *Id.* Though no new citation was served on the property owner for this cross-action, the court explained, "the *original citation* served on [the property owner] contained the statement that the *other taxing units above referred to* had been made parties defendant and had been cited to appear and file their claim for taxes …" *Id.* at 120. Similar to the citation in *Mexia*, the citation in this case states:

> All parties to this suit, including Plaintiffs, Defendants and Intervenors, shall take notice that claims not only for taxes which were delinquent on said property at the time this suit was filed, but all taxes which become delinquent thereon at any time thereafter up to the day of judgment … and all said parties shall take notice of and plead and answer to all claims and pleadings now on file *and which may hereafter be filed in this cause by all other parties* …

The ultimate issue before the *Mexia* court was whether the trial court had jurisdiction to enter a judgment in favor of Mexia ISD, upon its plea of intervention and cross-action without further notice to the property owner. *Id.* The Texas Supreme Court found the citation to be sufficient as to Mexia ISD because a defendant "is charged with knowledge of the law and therefore must know from the nature of the suit that there is a possibility of cross-actions by others." *Id.* at 121. The general rule is that the legislature in its discretion may prescribe what notice shall be given to a defendant in a suit, subject to the condition that the notice prescribed must conform to the requirements of due process of law. *Id.* at 134.

Rule 117a stands for the proposition that *all taxing units* that assess and collect taxes on the described property not made parties to such suit may later join the tax suit without the issuance and service of an additional citation. The permissive language in Rule 117a(4) indicates an intent to give all other taxing units the discretion to join the suit, rather than giving the taxing unit instituting the suit discretion to exclude other taxing units, or cause them to have to obtain issuance of their own citations. This rule thus protects all other taxing units whose interests are at stake in the event the property must be sold to pay a tax debt. Rule 117a does not require other taxing units to join a tax suit, but it clearly permits them to intervene without further service. It appears that the primary purpose of the rule was to discourage multiple suits by making it easier for taxing units to intervene in a tax suit brought by another taxing unit—not to protect the interests of one who has failed to pay taxes. The unnamed taxing units did not recover anything in the default judgment against Conseco, and they have not appealed this judgment.

▮ The purpose of citation is to give the court proper jurisdiction over the parties and to provide notice to the defendant that it has been sued, by a particular party

asserting a particular claim, so that due process will be served and the defendant will have an opportunity to appear and defend the action. *Sgitcovich v. Sgitcovich,* 150 Tex. 398, 404, 241 S.W.2d 142, 146 (1951); *Bozeman v. Arlington Heights Sanitarium,* 134 S.W.2d 350, 351–52 (Tex. Civ.App.-Dallas 1939, writ ref'd). The requirement of due process of law is met if the notice prescribed affords the party a fair opportunity to appear and defend its interests. *Sgitcovich,* 241 S.W.2d at 146. Here, the citation gave Conseco sufficient notice that it was being sued by the Klein ISD for delinquent ad valorem taxes on real property located at a specific address. Conseco did not appear or contest the validity of the tax assessment, and a default judgment resulted in favor of three taxing units. The three taxing units that actually recovered in the default judgment were named in the original citation and thus, at the very least, Conseco had notice of the lawsuit as to these three taxing units.

This citation gave Conseco all the notice to which it was entitled and gave Conseco the opportunity to appear and defend the suit. Conseco points to no evidence that it was misled or placed at a disadvantage by the citation and pleadings. In fact, Conseco concedes C.T. Corporation System's registered agent, Shirley Dillon, actually received service. Although the citation did not name all taxing units that may have had a claim against the property, it was not necessary to do so in this case because the taxing units that were not named did not recover anything and are not seeking reversal. Furthermore, extensive research has not revealed a single case in Texas that mandates reversal of a default judgment for the failure to name, in the original citation, *all* taxing units that might have a claim against the delinquent taxpayer. We find the citation served on Conseco was sufficient and that it con-

formed with the requirements of due process. Accordingly, we overrule Conseco's sole issue.

## V. Cross-Point Requesting Sanctions For Frivolous Appeal

An interested party, Donald Burkhardt, who purchased the property at the tax sale, requests this court to sanction Conseco for filing a frivolous appeal. Rule of Appellate Procedure 45 states:

> If the court of appeals determines that an appeal is frivolous, it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award each prevailing party just damages. In determining whether to award damages, the court must not consider any matter that does not appear in the record, briefs, or other papers filed in the court of appeals.

Tex.R.App. P. 45.

Whether to grant sanctions is a matter of discretion that we exercise with prudence and caution, and only after careful deliberation. *Angelou v. African Overseas Union,* 33 S.W.3d 269, 282 (Tex. App.-Houston [14th Dist.] 2000, no pet.). Although imposing sanctions is within our discretion, we will do so only in circumstances that are truly egregious. *Id.* If an appellant's argument on appeal fails to convince the court, but has a reasonable basis in law and constitutes an informed, good-faith challenge to the trial court's judgment, sanctions are not appropriate. *General Elec. Credit Corp. v. Midland Cent. Appraisal Dist.,* 826 S.W.2d 124, 125 (Tex.1991) (interpreting former Tex.R.App. P. 84); *see also Smith v. Brown,* 51 S.W.3d 376, 381 (Tex.App.-Houston [1st Dist.] 2001, pet. denied). Conseco's appeal does not warrant sanctions. Accordingly, we

overrule Burkhardt's cross-point and deny his request for damages under Rule 45.

We affirm the trial court's judgment.