Affirmed and Memorandum Opinion filed February 13, 2003














Affirmed and
Memorandum Opinion filed February 13, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-01004-CV

____________

 

KIMBERLY GOODMAN, Appellant

 

V.

 

TAMMY OAKLEY, Appellee

 

_____________________________________________________________

 

On Appeal from
the County Civil Court at Law Number Three

Harris County, Texas

Trial Court
Cause No. 745,172

 

_____________________________________________________________

 

M E M O R A
N D U M   O P I N I O N

            Appellant Kimberly Goodman
challenges a default judgment rendered against her and in favor of appellee Tammy Oakley. 
Goodman contends the trial court erred in granting a default judgment
because of conflicting dates relating to service of process.  We affirm.

                              I.  Factual and Procedural Background

            Tammy Oakley filed suit against
Kimberly Goodman on December
 14, 2000.  The county
clerk issued the original-petition citation on December 19, 2000.  In her sole issue on appeal, Goodman argues
the citation is fatally defective because the return of service includes
impossible dates.  The deputy who served
the citation wrote on the preprinted officer’s return that the citation “came
to hand on Dec 21, 2001,” and that
she served it on “01-04-2001” (emphasis
added).  If read literally, this would
mean the deputy served Goodman with the citation approximately eleven months
before the deputy received the citation. 
The copy of the citation attached to the return of service contains the
notation that service was unsuccessfully attempted “12-28-00” and accomplished “1-4-00,” which
would mean the deputy served Goodman before Oakley filed her petition (emphasis
added).  The trial court entered a
default judgment against Goodman on June 6, 2001.

                                                        II.  Issue Presented

            Goodman now challenges the judgment,
claiming the erroneous dates on the return rendered service defective, thus
invalidating the default judgment.  We
review a restricted appeal from a default judgment to determine whether there
is error on the face of the record  that would vitiate the trial court’s
jurisdiction to render judgment.  See Stubbs v. Stubbs, 685
S.W.2d 643, 644 (Tex. 1985).

                                               III.  Analysis and
Discussion

            Texas Rule of Civil Procedure 107
governs return of service and provides a return shall be endorsed on or
attached to the citation, shall state when the citation was served and the
manner of service, and shall bear the executing officer’s signature.  Tex. R.
Civ. P. 107. 
A return of service should be given a fair, reasonable, and natural
construction to give effect to its plain intent and meaning.  Conseco Fin. Servicing Corp. v. Klein Indep. Sch. Dist., 78 S.W.3d 666, 673 (Tex. App.—Houston [14th Dist.] 2002, no pet.). 
Unlike the cases Goodman cites, in this case the date of service is not
impossible to determine from the return. 
See id. at
672.  Although the serving officer’s
clerical error, standing alone, might create some ambiguity on first reading
the citation, the date of service is plainly discernable when the citation is
viewed as a whole.  See id. at 673.  The file stamps show that the Harris County
Constable’s Office for Precinct Four received the citation “Dec 21 10 41 AM ’00” and that the
return of service was filed with the trial court “2001 JAN-9.”  The return of service states that the
constable served citation on January 4,
 2001, after receiving it on December 21, 2001. 
In view of these dates, the only reasonable interpretation is that the
deputy served the citation on January 4,
 2001, but mistakenly wrote “Dec 21, 2001,” rather than “December 21, 2000,” as the date she received the
citation.  The deputy’s clerical error
does not render process fatally defective because the date of service is
discernable and the record otherwise shows compliance with the Texas Rules of
Civil Procedure.  See id.; see also Pratt v.
Moore, 746 S.W.2d 486, 488 (Tex. App.—Dallas 1988, no writ) (holding when
citation was issued on October 19, 1986, and return showed it was served on
November 11, 1986, and filed with the court on November 14, 1986, return was
not fatally defective for officer’s erroneous typographical endorsement that
citation came to hand November 30,
1986, as this was clearly error that should have read “October”).  

            Appellant has urged this court to
reverse the default judgment under Primate
Construction, Inc. v. Silver, 884 S.W.2d 151 (Tex.
1994).  We decline this invitation
because Primate is not on point.  In Primate,
the return of service showed service of a petition in which the defendant was
not named as a party to the suit.  Id. at 153.  The Texas
Supreme Court reversed the default judgment because the record did not show
proper service.  Id.  By
contrast, in this case the return shows proper service on January 4, 2001.  Accordingly, we overrule Goodman’s sole issue
and affirm the trial court’s judgment.

                                                                                    

                                                                        /s/        Kem Thompson
Frost

                                                                                    Justice

 

Judgment rendered and Memorandum
Opinion filed February
 13, 2003.

Panel consists of Justices Yates,
Hudson, and Frost.