MEMORANDUM OPINION

No. 04-04-00807-CV

KH AIRPORT CONCESSION MANAGEMENT SERVICES, L.P & 
Christine King,
Appellants

v.

C CONSTRUCTION CO., INC.
Appellee

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2003-CI-19325
Honorable David Berchelmann, Jr., Judge Presiding
 
Opinion by:    Sandee Bryan Marion, Justice
 
Sitting:            Alma L. López, Chief Justice
Karen Angelini, Justice
Sandee Bryan Marion, Justice

Delivered and Filed: July 13, 2005 

AFFIRMED 

            A no-answer default judgment was entered against appellants KH Airport Concession
Management Services, L.P. (“KH Airport”) and Christine King (“King”) as general partner of KH
Airport in a suit brought by appellee, C Construction Co., Inc. In its suit, appellee sought recovery
of payment for services relating to construction of leasehold improvements at the San Antonio
Airport. In this restricted appeal, appellants assert error is apparent from the face of the record
because service was ineffective and the trial court awarded damages based on insufficient evidence. 
We affirm.
SERVICE OF PROCESS
            In their first two issues, appellants assert that service was not effected in strict compliance
with the Texas Rules of Civil Procedure because one return of citation showed service on King
eleven months before suit was filed and the second return of citation showed service on King instead
of KH Airport. According to appellants, because service was defective on both defendants, the trial
court did not acquire jurisdiction over the defendants named in the judgment and the default must
be reversed.
            A judgment may be attacked through a restricted appeal brought within six months of the
date of the judgment by a party to the suit who did not participate in the actual trial, if the asserted
error is apparent on the face of the record. Norman Communications v. Texas Eastman Co., 955
S.W.2d 269, 270 (Tex. 1997); see Tex. R. App. P. 26.1(c), 30. The record consists of all papers on
file, including any statement of facts. See Norman Communications, 955 S.W.2d at 270. A plaintiff
defending a default judgment must show strict compliance with the procedural rules governing
citation and return of service. Primate Constr., Inc. v. Silver, 884 S.W.2d 151, 152 (Tex. 1994). We
review a restricted appeal from a default judgment to determine whether there is error on the face
of the record that would vitiate the trial court’s jurisdiction to render judgment. See Stubbs v. Stubbs,
685 S.W.2d 643, 644 (Tex. 1985). In conducting our review, we make no presumptions of
compliance with the rules. Primate Constr., 884 S.W.2d at 152. 
            Texas Rule of Civil Procedure 107 governs return of service and provides that “the return
of the officer or authorized person executing the citation shall be endorsed on or attached to the
same; it shall state when the citation was served, and the manner of service and be signed by the
officer officially or by the authorized person.” Tex. R. Civ. P. 107. A return of service should be
given a fair, reasonable, and natural construction to give effect to its plain intent and meaning.
Conseco Fin. Servicing Corp. v. Klein Indep. Sch. Dist., 78 S.W.3d 666, 673 (Tex. App.—Houston
[14th Dist.] 2002, no pet.). 
            Here, the officer who served the citation directed to King wrote on the pre-printed officer’s
return that the citation “came to hand on Dec. 23, 2003 at 3:28 p.m.” and that she served it on “Jan.
12, 2003 at 9:00 a.m.” If read literally, this would mean the officer served King with citation
approximately eleven months before the officer received the citation. Although the serving officer’s
typographical error, standing alone, might create some ambiguity on first reading of the citation, the
date of service is plainly discernable when the citation is read as a whole. See id. at 673 (date of
return of service plainly discernable from record by reviewing return of citation as a whole). The
citation states return of service was filed with the trial court clerk on January 22, 2004 at 1:45 p.m. 
When read in conjunction with the officer’s return, which states the officer served the citation on
January 12, 2003 after receiving it on December 23, 2003, the only reasonable interpretation is that
the officer served the citation on January 12, 2004 but mistakenly wrote January 12, 2003. This
interpretation is further supported by viewing the second return of citation that was directed to KH
Airport. In that citation, the officer’s return notes that the citation “came to hand on December 23,
2003 ” and was executed on January 12, 2004. The citation directed to KH Airport was file-stamped by the trial court clerk on January 22, 2004, the same date the return of service to King was
file-stamped by the clerk. Therefore, we conclude the officer’s typographical error does not render
process fatally defective because the date of service is discernable from the return and the record
otherwise shows compliance with the Texas Rules of Civil Procedure. See id.; see also Pratt v.
Moore, 746 S.W.2d 486, 488 (Tex. App.—Dallas 1988, no writ) (holding when citation was issued
on October 19, 1986, and return showed it was served on November 11, 1986, and filed with the
court on November 14, 1986, return was not fatally defective for officer’s erroneous typographical
endorsement that citation came to hand November 30, 1986, as this was clearly error that should have
read October). Accordingly, we hold service was proper on Christine King.
            In their second issue, appellants assert proper service is not affirmatively shown in the record 
because the return of service for KH Airport notes that “Christine King” was the person served and
this notation alone “does not establish that the person served was the defendant’s agent for service
of process, nor does it establish that KH Airport was served.” Therefore, according to appellants,
because proper service was not affirmatively shown, the default judgment should be reversed. 
            In its original petition, appellee filed suit against “KH Airport Concession Management
Services, L.P. and its General Partner, Christine King.” As appellant correctly notes, the second
citation was directed to KH Airport Concession Management Services L.P. and the officer’s return
notes the citation was delivered to Christina King. Section 17.022 of the Texas Civil Practice and
Remedies Code provides that citation served on one member of a partnership authorizes a judgment
against the partnership and the partner who is actually served. Tex. Civ. Prac. & Rem. Code Ann.
§ 17.022 (Vernon 1997). Because we hold citation was properly served on Christine King with the
first citation, and Christine King was served with the second citation directed to KH Airport, we
conclude that the default judgment was authorized against KH Airport pursuant to section 17.022. 
Id. 
EVIDENCE SUPPORTING THE DAMAGE AWARD
            In their third issue, appellants assert the evidence is legally and factually insufficient to
support the trial court’s damage award. Specifically, appellants contend the sworn affidavit provided
by appellee was incompetent evidence of unliquidated damages and the trial court erred in not holding
an evidentiary hearing on damages as required under Texas Rule of Civil Procedure 243. 
            When challenging the legal and factual sufficiency of the evidence to support the trial court’s
determination of damages in a default judgment, the appellant is entitled to a review of the evidence
produced. See Dawson v. Briggs, 107 S.W.3d 739, 748 (Tex. App.—Fort Worth 2003, no pet.). In
deciding a legal sufficiency challenge, we consider only the evidence and inferences that, when
viewed in the light most favorable to the judgment, tend to support the judgment, disregarding all
evidence and inferences to the contrary. Glover v. Tex. Gen. Indem. Co., 619 S.W.2d 400, 401 (Tex.
1981). In determining a factual sufficiency challenge, we consider all of the evidence in order to
determine if the evidence supporting the finding is so weak or the evidence to the contrary so
overwhelming that the judgment should be set aside and a new trial ordered. Garza v. Alviar, 395
S.W.2d 821, 823 (Tex. 1965). 
            Once a default judgment is taken against a non-answering defendant on an unliquidated claim,
all allegations of fact set forth in the petition are deemed admitted, except for the amount of damages.
Texas Commerce Bank v. New, 3 S.W.3d 515, 516 (Tex. 1999). If the damages being claimed are
unliquidated, the court rendering a default judgment must hear evidence on damages. Tex. R. Civ.
P. 243; Holt Atherton v. Heine, 835 S.W.2d 80, 83 (Tex. 1992). Proof is required only with respect
to damages, and a reviewing court cannot consider evidentiary points that contest liability. Wall v.
Wall, 630 S.W.2d 493, 496 (Tex. App.—Fort Worth 1982, writ ref’d n.r.e.).
            A trial court may award unliquidated damages based on affidavit testimony. See New, 3
S.W.3d at 516-17 (holding that, in no-answer default judgment, affidavits, as unobjected-to hearsay,
constitute probative evidence, thereby satisfying Rule 243’s requirement that there be evidence of
unliquidated damages). In the instant case, appellee submitted the sworn affidavit of its president,
Bryan P. Rossman, with its original petition. The affidavit stated the amount due and owing to
appellee was $65,559.95 plus interest and attorney’s fees as provided under the terms of the
underlying contract. The default judgment recited that the trial court reviewed the motion along with
the plaintiff’s “verified petition.” The trial court thus considered Rossman’s affidavit to be proof of
appellee’s damages. Therefore, the trial court satisfied Rule 243’s evidentiary requirement without
the need of holding an evidentiary hearing. See New, 3 S.W.3d at 516-17. For these reasons, we hold
that the record indicates the trial court properly awarded damages to appellee. 
CONCLUSION
 
            We overrule appellants’ issues on appeal and affirm the trial court’s judgment. 
 
 
Sandee Bryan Marion, Justice