Affirmed and Memorandum Opinion filed January 30, 2007








Affirmed and Memorandum Opinion filed January 30, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00817-CV

____________

 

HABIBOLLAH YAZDCHI AND AHMAD
YAZDCHI,
Appellants

 

V.

 

WILLIAM S. CHESNEY III,
INDIVIDUALLY AND AS REPRESENTATIVE OF FRANK, ELMORE, LIEVENS, CHESNEY &
TURRET, L.L.P., AND THE OAKS CONDOMINIUM ASSOCIATION, INC., Appellees

 



 

On Appeal from the County
Civil Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 810,322

 



 

M E M O R A N D U M   O P I N I O N








Appellants, Habibollah Yazdchi and Ahmad Yazdchi, appeal
from a final judgment favoring appellees, William S. Chesney III, individually
and as representative of Frank, Elmore, Lievens, Chesney & Turret, L.L.P.,
and The Oaks Condominium Association, Inc.  Appellants sued appellees alleging
conversion, negligence, fraud, and unjust enrichment.[1] 
Appellees filed motions for summary judgment alleging both traditional and no
evidence grounds.  The trial court granted the motions and subsequently granted
a final judgment after appellees nonsuited their counterclaims.  On appeal, appellants
contend that the trial court erred in granting summary judgment favoring The
Oaks Condominium Association.[2] 
We affirm.

Background








In November 1999, the State of Texas filed a consumer
protection suit against appellants= brother, Ali
Yazdchi.  The pleadings in that lawsuit list numerous aliases for Ali,
including AAbbas Yazdchi,@ AHabibollah
Yazdchi,@ and AAhmad Yazdchi.@  The trial court
entered a temporary restraining order requiring numerous financial institutions
(holding money in the name of or for the benefit of Ali), including TradeStar
Investments, Inc., to freeze funds held not only under Ali=s name, but also
funds under any of Ali=s aliases.  TradeStar attempted to comply
with this order by freezing an account that appellants assert belonged to
them.  The court also entered a temporary injunction and appointed a temporary
receiver for Ali and any assets standing in either his name or any of his
aliases, specifically requiring the relevant financial institutions, including
TradeStar, to turn over any such assets to the custody of the temporary
receiver.[3] 
Meanwhile, The Oaks Condominium Association intervened in the action, asserting
a preexisting claim against the funds based on two prior and unsatisfied
judgments against Ali.  After Ali and The Oaks Condominium Association signed a
Settlement Agreement and Mutual Release, the receiver paid The Oaks Condominium
Association $33,611.43 on Ali=s behalf.  Appellants subsequently brought
the present action, alleging that The Oaks Condominium Association and Williams
S. Chesney III Atook or stole $33,611.43 that belonged to
[appellants=] accounts.@  As stated, the
trial court granted both The Oaks Condominium Association=s and Williams S.
Chesney III=s motions for summary judgment.

Discussion

Appellants= initial brief appears substantially to be
a copy of a brief filed in a separate appeal.  In Yazdchi v. TradeStar Invs.
Inc., No. 14-05-00125-CV, 2006 WL 2729644 (Tex. App.CHouston [14th
Dist.] Sept. 26, 2006, no pet. h.), appellants argued that the trial court
erred in granting summary judgment against their breach of contract claim,
which asserted that TradeStar improperly transferred funds from appellants= account to the
receiver.[4] 
They make the same arguments in their initial briefing in the case now before
us.  In fact, all of their arguments in their initial briefing revolve around
the allegedly improper transfer of funds by TradeStar to the receiver.  While,
as mentioned above, appellants have alleged conversion, negligence, fraud, and
unjust enrichment against The Oaks Condominium Association, they have made no
allegations that The Oaks Condominium Association improperly transferred funds,
breached any contract, or is responsible for TradeStar=s alleged improper
transfer and breach of contract.  Consequently, none of the arguments made in
appellants= original brief are relevant to the present appeal. 
Accordingly, each and all of the issues raised in appellants= original brief
are overruled.

In their reply brief, appellants make several new and
potentially relevant arguments.  However, appellants do not cite any authority
in support of these arguments.  Thus, the arguments are not adequately
briefed.  See Tex. R. App. P. 38.1
(AThe brief must
contain a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record.@).  Appellants
also reference their response to the motion for summary judgment, but such
reference is not an appropriate way to make arguments on appeal.  See, e.g.,
Redmon v. Griffith, 202 S.W.3d 225, 241 (Tex. App.CTyler 2006, pet.
filed).[5]








In its brief, The Oaks Condominium Association moves for a
finding that appellants= appeal is frivolous and requests attorney=s fees.  See
Tex. R. App. P. 45 (authorizing
damages for frivolous appeals).  Although we have discretion to impose such
sanctions, we will do so only under the most egregious circumstances.  Conseco
Fin. Serv. v. Klein I.S.D., 78 S.W.3d 666, 676 (Tex. App.CHouston [14th
Dist.] 2002, no pet.).  In determining whether sanctions are appropriate, we
examine the record from appellant=s point of view at
the time appeal was perfected and consider whether appellant had a reasonable
expectation of reversal and whether he or she pursued the appeal in bad faith. 
Chapman v. Hootman, 999 S.W.2d 118, 124 (Tex. App.CHouston [14th
Dist.] 1999, no pet.).[6] 
If an appellate argument simply fails to convince the court, but has a
reasonable basis in law and constitutes an informed, good‑faith challenge
to the trial court=s judgment, sanctions are not appropriate.
 Conseco Fin. Serv., 78 S.W.3d at 676 (citing Gen. Elec. Credit
Corp. v. Midland Cent. Appraisal Dist., 826 S.W.2d 124, 125 (Tex. 1991)). 
Appellants here are pro se litigants apparently unfamiliar with the intricacies
of appellate advocacy.  While this status does not necessarily excuse improper
briefing, it does suggest that it was not the product of bad faith. 
Accordingly, we decline to impose sanctions under the circumstances of this
case.  The Oaks Condominium Association=s motion is
overruled.

We affirm the trial court=s judgment.

 

 

/s/      Adele Hedges

Chief Justice

 

Judgment rendered
and Memorandum Opinion filed January 30, 2007.

Panel consists of
Chief Justice Hedges and Justices Fowler and Edelman.









[1]  In the trial court, appellants were joined by a
third plaintiff, Abbas Yazdchi.  However, the only reference to Abbas in the
appellate briefing is a statement that he is now deceased.





[2]  Appellants do not mention William S. Chesney III in
their briefing and do not make any arguments in regard to the judgment in his
favor.





[3]  In related lawsuits, appellants have contended that
TradeStar; Bank One, Texas, N.A.; and Chase Bank, Texas, N.A., improperly froze
and transferred assets in accounts owned by appellants rather than Ali.  See
Yazdchi v. TradeStar Invs. Inc., No. 14-05-00125-CV, 2006 WL 2729644 (Tex.
App.CHouston [14th Dist.] Sept. 26, 2006, no pet. h.); Yazdchi
v. Bank One, Tex., N.A., 177 S.W.3d 399 (Tex. App.CHouston [1st Dist.] 2005, pet. denied), cert.
denied, 127 S. Ct. 206 (2006).  In each case, the trial court granted summary
judgment favoring the financial institution or institutions involved and the
appellate court affirmed.  See TradeStar Invs., 2006 WL 2729644, at *3; Bank
One, Tex., 177 S.W.3d at 409.





[4]  The appellants in Yazdchi v. Tradestar included
Ahmad and Abbas Yazdchi but not Habibollah.





[5]  Even if we were to consider the response as
incorporated in the brief, it contains only sparse authority regarding the
summary judgment standard of review and no authority regarding the substantive
issues in this case.





[6]  We note that the First Court of Appeals has
determined that a finding of bad faith Ais
neither dispositive nor material to deciding whether an appeal is objectively
frivolous@ under the new version of Rule 45 enacted in 1997.  See
Lookshin v. Feldman, 127 S.W.3d 100, 106 (Tex. App.CHouston [1st Dist.] 2003, pet. denied).  We have thus
far declined to follow the First Court=s
lead on this issue and decline to do so in the present case.