# NO. 12-15-00134-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOHNNY PEEVY,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *ROY GENE BUTLER,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Johnny Peevy appeals a default judgment rendered against him. In two issues, Peevy argues the trial court erred when it determined the amount of attorney's fees and postjudgment interest. We reverse and remand.

### BACKGROUND

Roy Gene Butler filed an action to quiet title and a request for declaratory judgment against Peevy. Peevy failed to file an answer, and Butler filed a motion for default judgment. The trial court granted the motion without a hearing. In the judgment, the court awarded Butler $7,000.00 in attorney's fees and postjudgment interest at a rate of ten percent per year. This restricted appeal followed.

### RESTRICTED APPEAL

To prevail on his restricted appeal, Peevy must establish that (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact

or conclusions of law; and (4) any error is apparent on the face of the record. TEX. R. APP. P. 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).

Review by restricted appeal affords the appellant a review of the entire case, just as in an ordinary appeal, with the only restriction being that any error must appear on the face of the record. *Conseco Fin. Servicing Corp. v. Klein Indep. Sch. Dist.*, 78 S.W.3d 666, 670 (Tex. App.—Houston [14th Dist.] 2002, no pet.). The face of the record for purposes of a restricted appeal consists of all the papers on file before the judgment as well as the reporter's record. *Id.* It necessarily follows that a review of the entire case includes review of legal and factual sufficiency claims. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam).

In this case, it is uncontested and apparent from the record that Peevy filed his appeal within six months after the judgment was signed and was a party to the suit. The trial court did not conduct a hearing on Butler's motion. Therefore, Peevy did not participate in a hearing that resulted in the judgment, nor did he file any postjudgment motions or requests for findings of fact and conclusions of law. Accordingly, we now determine if there is error on the face of the record.

## ATTORNEY'S FEES

In his first issue, Peevy contends there is no evidence regarding the proper amount of attorney's fees and therefore the trial court erred when it determined the amount of attorney's fees. Butler agrees.

We review an award of attorney's fees under the Declaratory Judgment Act by determining whether the trial court abused its discretion by awarding fees because (1) there is insufficient evidence that the fees were reasonable and necessary, or (2) the award of fees was inequitable or unjust. *See Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). A trial court abuses its discretion if it awards attorney's fees when there is no evidence to support the award. *Id.*

The trial court awarded Butler $7,000.00 in attorney's fees, but there is no indication in the record that the trial court conducted a hearing on Butler's motion for default judgment. In addition, the parties agree that no hearing was held. Because there was no hearing, there is no reporter's record and no evidence supporting the trial court's award of attorney's fees.

Therefore, Peevy has established error on the face of the record. *See id*. The trial court abused its discretion when it awarded Butler $7,000.00 in attorney's fees. Peevy's first issue is sustained.

## POSTJUDGMENT INTEREST

In his second issue, Peevy argues the trial court misapplied Texas Finance Code Section 304.003 when it awarded postjudgment interest at the rate of ten percent per annum. Again, Butler agrees. We liberally construe Peevy's issue to include an argument that there is no evidence to support the trial court's award of postjudgment interest at the rate awarded. *See* TEX. R. APP. P. 38.9; *see also* TEX. R. APP. P. 38.1(f).

In reviewing a "no evidence" claim, we must consider only the evidence and inferences tending to support the trial court's finding, disregarding all contrary evidence and inferences. ***Cont'l Coffee Prods. Co. v. Cazarez***, 937 S.W.2d 444, 450 (Tex. 1996). Anything more than a scintilla of evidence is legally sufficient to support the finding. ***Id***.

Section 304.003 of the Texas Finance Code governs the calculation of postjudgment interest in this case. Subsection (c) states that the postjudgment interest rate is (1) the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation; (2) five percent a year if the prime rate as published by the Board of Governors of the Federal Reserve System described by Subdivision (1) is less than five percent; or (3) fifteen percent a year if the prime rate as published by the Board of Governors of the Federal Reserve System described by Subdivision (1) is more than fifteen percent. TEX. FIN. CODE ANN. § 304.003(c) (West 2006). Thus, evidence of the prime rate is essential to a determination of the postjudgment interest rate. *See id*.

As we stated above, the trial court did not conduct a hearing on Butler's motion for default judgment.[1] As a result, there is no evidence in the record showing the prime rate on the date of the judgment. Without this evidence, the trial court could not determine the correct postjudgment interest rate. Therefore, it is apparent from the face of the record that the evidence

---

[1] Peevy attached a Texas Credit Letter to his brief in an attempt to show the proper postjudgment interest rate at the time of the default judgment was five percent. However, documents attached to a brief are not included in the appellate record. Therefore, we cannot consider the Texas Credit Letter. *In re D.D.J.*, 136 S.W.3d 305, 315 n.3 (Tex. App.—Fort Worth 2004, no pet.). Further, this evidence was not before the trial court and cannot be considered in a restricted appeal proceeding. ***Gen. Elec. Co. v. Falcon Ridge Apartments, Joint Venture***, 811 S.W.2d 942, 944 (Tex. 1991).

is legally insufficient to support the award of postjudgment interest at the rate of ten percent per annum. Peevy's second issue is sustained.

## DISPOSITION

Having sustained Peevy's two issues, we *reverse* the trial court's judgment and *remand* the cause for a hearing on attorney's fees and postjudgment interest.

GREG NEELEY
Justice

Opinion delivered December 30, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 30, 2015**

**NO. 12-15-00134-CV**

**JOHNNY PEEVY,**
Appellant
V.
**ROY GENE BUTLER,**
Appellee

_____

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 14-1354-C)

_____

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the trial court's judgment be **reversed and the cause remanded to the trial court for a hearing on attorney's fees and postjudgment interest**, and that all costs of this appeal are hereby adjudged against the Appellee, **ROY GENE BUTLER,** in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*