## W. W. WILLIAMS ET AL. v. LODOWICK E. DOWNES.

The 14th section of the act to regulate proceedings in the district court directs that a citation shall be served, by delivering to the party in person upon whom he is required to serve it a copy thereof, and a copy of the petition accompanying it. (Paschal's Dig., Art. 1433, Note 545.) *Held*, that the service set out in the statement was insufficient.

The date of the service should be set out, in order that it may be seen that the defendant was served five full days before the court at which judgment by default was taken. (Paschal's Dig., Art. 1506, 1507, Note 592.)

ERROR from Houston. The case was tried before Hon. REUBEN A. REEVES, one of the district judges.

The returns read: "Executed August 10, 1860, by delivering to W. W. Williams a copy of this citation, and a certified copy of plaintiff's petition." And "Executed the same day, by delivering to John H. Bennett, in person, a true copy of the within citation, and also a true copy of the plaintiff's petition." The judgment was by default. Plaintiffs prosecuted error, but assigned no error. The defendant in error suggested delay.

WILLIE, J.——Our statute makes it the duty of the sheriff to indorse on all process and precepts coming to his hands the day on which he received them, the manner in which he executed them, and the day when he executed them, and to sign his return officially. (O. & W. Dig., Art. 1856.) Upon an examination of the writ in this case, directed to the sheriff for service on Bennett, we find that the return thereon does not show when it was received, or when service of the same was made. Every defendant against whom suit is brought to the district court is entitled to five full days' notice thereof previous to the first day of the term to which it is returnable. The fact that such service was made at the proper time, and in the manner prescribed by law, should affirmatively appear by the sheriff's indorsement, or it should be shown in the record that it was waived by the defendant. A judgment by default taken without such showing will be set aside by this court.

The judgment is reversed, and the cause

REMANDED.