### W. L. SLOAN v. J. W. BATTE.

SHERIFF'S RETURN ON CITATION.—A sheriff's return to a citation, failing to show the date of service, the record not showing when the citation was filed, is defective; presumption in favor of returns will not be extended beyond former decisions, and the provisions of the statute must be complied with.

ERROR from Harrison. Tried below before the Hon. M. D. Ector.

The facts are given in the opinion.

*Turner & Lipscomb,* for plaintiff in error, cited Williams v. Downes, 30 Tex., 51; Thompson v. Griffis, 19 Tex., 116; Covington v. Burleson, 28 Tex., 371; Brown v. Robertson, 28 Tex., 557; Whitaker v. Fitch, 25 Tex. Supp., 308.

*Jones & Henry,* for defendant in error.

GOULD, ASSOCIATE JUSTICE.—This was a judgment by default, and must be reversed, because there does not appear to have been proper service on defendant W. L. Sloan, who

has brought the case here by writ of error. The sheriff's return on the citation, issued April 7, 1869, is as follows: "Received in office April 7, 1869. Executed on W. L. Sloan by delivering to him in person a certified copy of plaintiff's petition and true copy of the within citation."

This return is manifestly defective in failing to show, as the statute requires, the day when it was executed. (Paschal's Dig., art. 5121; Williams v. Downes, 30 Tex., 52; Whitaker v. Fitch, 25 Tex. Supp., 309.)

As the judgment by default was not taken until the year 1872, several terms of court after that, to which the citation was returnable, (in fact, the record shows two judgments by default, the last in 1873, and the writ of inquiry was not executed until 1874,) it is contended that the presumption is that the officer did his duty by serving the citation before the return-day, and that such service, though not sufficient to authorize a judgment by default at the return term, would be sufficient for that purpose at any subsequent term. If it appeared with sufficient certainty that the service was had whilst the citation was in force, and consequently that the only defect in the return was that it did not show that service was had full five days before the return-day, the position taken would perhaps be correct. The record, however, does not show that the citation was filed, nor when it was returned. For aught that the record shows to the contrary, the service may have been had after the return-day.

The presumption, that the officer has done his duty, may be urged in support of a defective return of service; but this court, commencing with the case of Underhill v. Lockett, 20 Tex., 130, has repeatedly indicated that presumption in favor of returns will not be extended beyond former decisions, and that the provisions of the statute must be complied with. (Groves v. Robertson, 22 Tex., 130; Williams v. Downs, 30 Tex., 52; Brown v. Robertson, 28 Tex., 557.)

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.