Squire Robinson v. Mrs. Sallie F. Horton.

Decided June 9, 1904.

**Judgment by Default—Failure of Clerk to Affix Seal—Sheriff's Return—Not Showing Date of Service.**

Either the failure of the clerk to affix his seal to the citation upon which judgment by default was rendered, or the failure of the sheriff's return to show the date of service, is fatal to the judgment on appeal.

Error to the District Court of Panola. Tried below before Hon. Richard B. Levy.

*H. N. Nelson,* for plaintiff in error.

No briefs for defendant in error.

GILL, Associate Justice.—On the 15th day of September, 1902, Mrs. Sallie F. Horton brought suit in the District Court of Panola County against Squire Robinson for the recovery of 100 acres of land.

The defendant failing to appear and answer, judgment by default was rendered against him as prayed for.

Robinson has brought the cause here by writ of error and asks a reversal of the judgment because the citation was without the seal of the clerk and because the sheriff's return thereon failed to disclose the date of service.

The record discloses that the clerk failed to affix his seal to the citation upon which the judgment by default was rendered and that the sheriff's return failed to disclose the date of service. Either of these objections is fatal to the judgment.

It is well settled that the statute requiring the clerk to affix his seal to the citation must be complied with. Rev. Stats., art. 1447; Canfield v. Jones, 18 Texas Civ. App., 721; Frosch v. Schlumpf, 2 Texas, 422; Brewster v. Norfleet, 3 Texas Civ. App., 103, 22 S. W. Rep., 226; Hale v. Gee, 29 S. W. Rep., 44.

It is equally well settled that to be sufficient to sustain a judgment by default the sheriff's return of the citation should show the date of service. Llano Improvement Co. v. Watkins, 4 Texas Civ. App., 428, 23 S. W. Rep., 612; Washington v. Bank, 64 Texas, 4; Rev. Stats., art. 980.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*