LESTER et al. v. FIRST STATE BANK OF BOVINA et al.[†]

(Court of Civil Appeals of Texas. Ft. Worth. May 27, 1911. Rehearing Denied July 1, 1911.)

1. APPEAL AND ERROR (§ 493*)—RECORD—JURISDICTION OF LOWER COURT—PROCESS—APPEARANCE.

A default judgment will be reversed on appeal by defendant, when the record fails to show service of citation or an appearance by defendant; and such judgment will also be reversed when the record, while showing service of citation, fails to show the date of such service.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2282–2284; Dec. Dig. § 493.*]

2. APPEAL AND ERROR (§ 914*)—REVIEW—PRESUMPTIONS—JURISDICTION.

Where the filing of a citation by the clerk is a judicial act required by statute, and a citation requiring defendant to appear and answer November 8, 1909, is entered by the clerk and indorsed, "Filed 20th day of September, 1909."

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court.

it will be presumed that the return made upon the writ was made before it was filed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3693–3698; Dec. Dig. § 914.*]

3. APPEAL AND ERROR (§ 493*)—JURISDICTION OF LOWER COURT—APPEARANCE.

Where a party defendant appears, and his appearance is recited in the judgment, the failure of the record to show an appearance or answer filed is not ground for a reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2282–2284; Dec. Dig. § 493.*]

4. APPEAL AND ERROR (§ 518*) — RECORD — TRANSCRIPT—MATTERS INCLUDED.

Where it is required that the record show notes declared on as the basis of plaintiff's action, the statement of facts, and not the transcript, is the proper place for such evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2342–2355; Dec. Dig. § 518.*]

Error from District Court, Randall County; J. W. Browning, Judge.

Action by the First State Bank of Bovina and others against L. T. Lester and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

Turner & Wharton, for plaintiffs in error. Carl Gilliland, for defendants in error.

DUNKLIN, J. L. T. Lester, C. R. McAfee, and C. N. Harrison have appealed from a judgment rendered against them in favor of the First State Bank of Bovina for the sum of $7,829.40, with a foreclosure of a vendor's lien on certain real estate. The suit was on two promissory notes, executed by McAfee and Harrison in favor of Lester, and by the latter transferred and indorsed to the appellee. The judgment recites that all of the defendants had been duly served with citation, and that L. T. Lester appeared, but that McAfee and Harrison failed to appear and wholly made default. The citation issued in the cause and served upon the defendants has the sheriff's return indorsed thereon, reciting that the writ came to hand September 14, 1909, and that it was duly executed by delivering to the defendants each in person a true copy of the citation, but the return fails to show the date of the service of the citation; and plaintiffs in error insist that, in the absence of a showing of the date of service, the judgment should be reversed.

[1] While the judgment recites an appearance by Lester, the record fails to show any answer filed by him. It has been frequently held that a judgment by default will, upon appeal by defendant, be reversed, if the record fails to show service of citation, and fails to show an appearance by defendant. Glasscock v. Barnard, 125 S. W. 615. It has been held, further, that a judgment by default will be reversed, when the record shows service of citation, but fails to show the date of such service, and fails to show an appear-

ance by defendant. Robinson v. Horton, 36 Tex. Civ. App. 333, 81 S. W. 1044; Llano Imp. & Furnace Co. v. Watkins, 4 Tex. Civ. App. 428, 23 S. W. 612.

[2, 3] The citation shown in the record in this case by its terms required the defendants to appear before the district court of Randall county at its next regular term, beginning on November 8, 1909, then and there to answer plaintiffs' petition, and the citation is indorsed on its back as follows: "Filed 20th day of September, 1909. M. P. Garner, District Clerk of Randall County, Texas." It thus appears that the citation was served on or prior to September 20, 1909, the date when it was filed with the district clerk, and that the service was more than a month prior to the beginning of the term of court at which the defendants were required to appear and answer the suit. The judgment was not rendered until June 4, 1910. The filing of the citation by the clerk was an official act required by the statute, and it must be presumed that the return made upon the writ by the sheriff was made before it was filed. No such showing appears to have been made in any of the decisions cited, and under the circumstances we fail to perceive any reason why the rule announced in those decisions should apply in this case. Lester having appeared, in no event could the decisions apply in his favor.

[4] By another assignment plaintiffs in error insist that the judgment should be reversed because the transcript fails to show that the promissory notes described in plaintiffs' petition, and upon which the suit was based, were ever filed among the papers of the cause. We have been cited to no statute requiring instruments of that character to be filed as a part of the record; but, if such be the law, then we know of no statute requiring such instruments to be included in the transcript to this court, the statement of facts being the proper place for such evidence to be shown.

We have found no error in the record, and the judgment is affirmed.