BARNETT et al. v. ALAMO LUMBER CO.

(Court of Civil Appeals of Texas. Galveston. Feb. 21, 1913.)

JUDGMENT (§ 17*)—PROCESS TO SUSTAIN DEFAULT.

A citation which has been served on defendant, but to which the clerk's seal has not been affixed, will not support a judgment by default.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 25–33; Dec. Dig. § 17.*]

Error to District Court, Matagorda County; Wells Thompson, Judge.

Action by the Alamo Lumber Company against Charles E. Barnett· and another. From a judgment for plaintiff, defendants bring error. Reversed and remanded.

Linn, Conger & Austin, of Bay City, for plaintiffs in error.

McMEANS, J. The Alamo Lumber Company brought this suit against Charles E. Barnett and E. F. Barnett, to recover upon a promissory note for the sum of $375, together with 10 per cent. interest and 10 per cent. attorney's fees, and to foreclose a me-

chanic's, materialman's, and contractor's lien on a tract of land in Matagorda county, by which the payment of said note was alleged to be secured. The defendants having failed to appear and answer, a judgment by default was rendered against them, from which they have prosecuted this appeal by writ of error, and ask a reversal of the judgment because the citation served upon them was defective, in that it was without the seal of the clerk.

It appears from the record that the clerk failed to affix his seal to the citation. It is well settled that a citation which has been served on a defendant, and to which the seal has not been affixed, will not support a judgment by default. Robinson v. Horton, 36 Tex. Civ. App. 333, 81 S. W. 1044, and authorities cited; Hardy Oil Co. v. Markham State Bank, 131 S. W. 440. The judgment must therefore be reversed, and the cause remanded.

If the defendant E. F. Barnett is in fact a married woman, as claimed in her brief, and for that reason a personal judgment should not be rendered against her, she may, on another trial, plead her coverture, and if the debt is not one for which her separate estate is liable, she will no doubt be protected in this regard by the judgment of the court. She will likewise be protected, under proper pleadings, if the amount stipulated to be paid as attorney's fees is not secured by the lien upon the land.

If the judgment as rendered is excessive, this may be guarded against on another trial.

For the error indicated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.