STEPHENS v. AUSTIN, Banking Com'r.
(No. 1572.)

Court of Civil Appeals of Texas. Beaumont.
Sept. 30, 1927.

1. Process ☞134—Sheriff's return, stating affirmatively that citation was served in county of venue, held sufficient (Rev. St. 1925, art. 2034).

Sheriff's return of citation, stating affirmatively that it was executed in county of venue, *held* sufficient, within Rev. St. 1925, art. 2034, which requires return to state affirmatively where service was had.

2. Process ☞134—Sheriff's return held to show each defendant was served on "7—14—25," meaning July 14, 1925.

Sheriff's return, showing that each of defendants was served "7—14—25," meaning July 14, 1925, *held* to show that each was served on that date, since no other date was given.

3. Process ☞147—File mark of clerk, showing citation was returned and filed, may be looked to in aid of sheriff's return.

File mark of clerk, showing that citation was returned to him and filed four days after shown therein as date of service, and at time when citation was in force, may be looked to in aid of the sheriff's return.

4. Judgment ☞17(10)—Service of citation held to sustain default, in view of presumption that sheriff executed citation and made return before clerk filed it.

Service of citation by sheriff *held* sufficient to sustain default, in view of presumption that sheriff executed citation and made return before returning it to the clerk, where file mark of the clerk showed that citation was returned to him and duly filed four days after date shown in return, and at time when citation was in force.

Error from District Court, Shelby County; R. T. Brown, Judge.

Action by Chas. O. Austin, State Banking Commissioner, against G. H. Stephens and others. Judgment for plaintiff, and defendant named brings error. Affirmed.

E. J. McLeroy, of Center, for plaintiff in error.

Long & Strong, of Carthage, and Orgain & Carroll, of Beaumont, for defendant in error.

WALKER, J. This is an appeal by writ of error by G. H. Stephens from a judgment by default in favor of appellee, Chas. O. Austin, against plaintiff in error and A. J. Truitt, J. B. Black, and Addie Stephens. The only question presented to us is the sufficiency of the sheriff's return on the citation to authorize the default judgment. Appellant's points are: (a) The return does not show where service was had; (b) nor the date of service. The return in full is as follows:

"Sheriff's Return.

"Came to hand on the 11 day of July, 1925, at 4 o'clock P. M., and executed in Shelby County, Texas, by delivering to each of the within named defendants, in person, a true copy of this citation (together with the accompanying certified copy of the plaintiff's petition), at the following times and places, to wit:

| Name | Date | | | Time | | | Place, and Course and Distance from Courthouse | Mileage |
| | Month | Day | Year | Hour | Min. | 1½ M. | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| A. J. Truitt | 7 | 14 | 25 | 12 | | M | Shelby Co. | 16 |
| J. B. Black | | | | | | | | 2 |
| Addie Stephens | | | | | | | | 6 |
| G. H. Stephens | | | | | | | | 3 |

"I actually and necessarily traveled 54 miles in the service of this citation, in addition to any

other mileage I may have traveled in the service of other process in the same case during the same trip. H. E. Holt, Sheriff Shelby County, Texas, by D. M. Brown, Deputy.

Fees: Serving 4 cop............................ $4 00
       Mileage 54 miles..................•....... 4 05
                                        —————
      Total .................................•... $8 05"

The original citation was issued the 11th day of July, 1925, and returned by the sheriff and filed by the clerk of the district court of Shelby county, Texas, on the 15th day of July, 1925. The succeeding term of the district court convened in November, 1925. Judgment by default was not taken until the March term, 1926. None of the defendants filed answers. Article 2034, Revised Statutes 1925, being old articles 1864 and 1865, provides:

"The return of the officer executing the citation shall be indorsed on or attached to the same; it shall state when the citation was served and the manner of service, conforming to the command of the writ, and be signed by him officially. When the citation has not been served, the return shall show the diligence used by the officer to execute the same and the cause of failure to execute it, and where the defendant is to be found, if he can ascertain."

In construing this article, in Hays v. Byrd, 14 Tex. Civ. App. 24, 36 S. W. 777, Judge Pleasants directly held against appellant's proposition that the failure to state "where" service was had made the return defective. He said:

"In reply to the objection that it does not appear from the return that the writ was executed in San Jacinto county, it is sufficient to say that the statute does not require that the return shall show 'where' the service was made. The law presumes, until the contrary appears, that its officers know their powers and duties, and hence there is no requirement of the statute that the officer executing a writ of citation shall show by his return that the writ was executed in his county."

[1] But, even if appellant has correctly construed article 2034 as requiring the return to state affirmatively where service was had, his point is without merit, for it states affirmatively that it was "executed in Shelby county, Texas."

[2] We think the return, with equal clearness, shows that each of the defendants was served on "7—14—25," meaning July 14, 1925. The return states that service was had "at the following times," naming July 14, 1925. No other date being given, it follows that each of the defendants was served on that date.

[3] Apart from that, however, this objection is obviated by the file mark of the clerk, showing that the citation was returned to him and duly filed four days after the date shown in the return, and at a time when the citation was in force. In Williams v. Downes, 30 Tex. 51, our Supreme Court held that the date of the service should be set out, in order that it may be seen that the defendant was served in statutory time before the convening of the court at which judgment by default was taken. Again, it was said, in Sloan v. Batte, 46 Tex. 215, that a sheriff's return is defective where it fails to show the time of service and the record does not show when the citation was filed. From these authorities, it follows that the file mark of the clerk may be looked to in aid of the sheriff's return.

[4] It must be presumed that the sheriff executed the citation and made his return thereon before returning it to the clerk. Then, as the law requires the clerk to file the citation, we have official proof that service was had on or prior to July 15, 1925, at a time when the citation was in effect, and more than 10 full days before the convening of the court at which judgment was taken. We think this point was decided against appellant by Judge Dunklin, in Lester v. Bank (Tex. Civ. App.) 139 S. W. 661, where he said:

"The citation shown in the record in this case by its terms required the defendants to appear before the district court of Randall county at its next regular term, beginning on November 8, 1909, then and there to answer plaintiffs' petition, and the citation is indorsed on its back as follows: 'Filed 20th day of September, 1909. M. P. Garner, District Clerk of Randall County, Texas.' It thus appears that the citation was served on or prior to September 20, 1909, the date when it was filed with the district clerk, and that the service was more than a month prior to the beginning of the term of court at which the defendants were required to appear and answer the suit. The judgment was not rendered until June 4, 1910. The filing of the citation by the clerk was an official act required by the statute, and it must be presumed that the return made upon the writ by the sheriff was made before it was filed. No such showing appears to have been made in any of the decisions cited, and under the circumstances we fail to perceive any reason why the rule announced in those decisions should apply in this case. Lester having appeared, in no event could the decisions apply in his favor."

See, generally, "Process," 19 Texas and Southwestern Digest, ☞134.

The judgment of the trial court is affirmed.