## NORTON v. NALL et al.
### No. 2660.

Court of Civil Appeals of Texas. Beaumont.
Dec. 6, 1934.

J. B. Synnott and W. B. West, both of Beaumont, for appellant.

E. L. Nall, of Beaumont, for appellees.

WALKER, Chief Justice.

This suit was filed by appellant, Ella Norton, against appellees, E. L. Nall et al., to recover actual and exemplary damages on due allegation of the following facts: On August 3, 1931, appellee E. L. Nall filed suit against appellant in district court of Jefferson county to recover the title and possession of lots Nos. 1 and 2 in block G of the Sam Potts addition to the city of Beaumont, Jefferson county. On August 1, 1932, appellee took judgment against appellant for the relief prayed for and by writ of possession under said judgment, on the 18th day of June, 1933, dispossessed appellant. In executing the writ, appellee directed the officer executing the writ to take appellant's personal property, itemized in her petition, out of the premises involved in the writ, and to put them into another house, where they were greatly damaged. Appellant based her cause of action upon the ground that the citation served upon her in the trespass to try title suit was fatally defective in that it was issued on the 3d day of August, 1931, placed in the hands of the sheriff of Jefferson county on that date, and the return on the citation showed that it was served on her on "August 4, 19—, 8 A. M." A copy of the citation was made a part of the petition and showed that it was returned into district court and duly filed by the district clerk on the 6th day of August, 1931. No copy of the judgment in the trespass to try title suit was attached to the petition, nor were its contents shown except as indicated above. A general demurrer was sustained to the petition. The case is before us by appeal duly prosecuted by appellant but without brief filed by her. We have examined the record for fundamental error—that is, to determine whether or not the general demurrer was properly sustained—because appellee has briefed the case.

The general demurrer was properly sustained. Though the return on the citation does not show the date of service, the file mark of the district clerk shows that the citation was returned into his office and filed by him on the 6th day of August, after it was delivered to the sheriff on the 3d day of August, at a time when the citation was in effect, and judgment was not entered against appellant until many months after the return of the citation. In Stephens v. Austin (Tex. Civ. App.) 298 S. W. 932, 933, this court said that "the file mark of the clerk may be looked to in aid of the sheriff's return."

The petition was subject to the general demurrer for other reasons, but what we have said is sufficient to support the judgment of the lower court.

Affirmed.