

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00003-CV

DEUTSCHE BANK TRUST COMPANY, N. A. A/K/A DEUTSCHE BANK NATIONAL
TRUST COMPANY, Appellant

V.

KENNETH W. HALL AND ROBERTA HALL, Appellees

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 2012-474

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

O P I N I O N

Kenneth W. Hall and Roberta Hall brought suit against Deutsche Bank Trust Company, N.A. a/k/a Deutsche Bank National Trust Company (Deutsche), the lienholder of the home equity loan secured by their property. Among other things, the Halls claimed that the original lender from whom Deutsche had been assigned the Halls' note and lien had not followed the procedures required by the Texas Constitution for a valid home equity loan and that Deutsche had collected from the Halls—but had not paid—ad valorem taxes assessed against the secured property. The Halls also claimed that the transaction was tainted by fraud. The Halls' suit relied on several bases for recovery, including the Deceptive Trade Practices Act (TEX. BUS. & COM. CODE ANN. § 17.50 (West 2011)), common law fraud, and the Texas Declaratory Judgments Act (TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001–.011 (West 2008)).[1] The Halls relied on obtaining service of citation on CT Corporation Systems, Inc., Deutsche's agent for service of citation in Texas. After the United States Postal Service's return receipt ("green card") had been returned to the District Clerk of Wood County and had been on file for the requisite period of time without an answer having been filed by Deutsche, the Halls moved for the entry of a default judgment. This default judgment was granted September 27, 2012. Deutsche filed a restricted appeal January 14, 2013, and it argues the trial court erred in granting the default judgment. A restricted appeal is a direct attack on a judgment. *See PNS Stores*, *Inc. v. Rivera*, 379 S.W.3d 267, 271 (Tex. 2012).

---

[1]Interestingly, although the Halls sought a declaratory judgment that the home equity loan was sufficiently defective that it did not operate to create a valid lien on the Halls' home, there is no description of the realty contained in the operative pleadings, and the default judgment describes the realty only by street address.

Deutsche maintains that the trial court's alleged error in granting the default judgment is apparent on the face of the record due to the following: (1) the clerk failed to execute the return of service on the citation of the defendant, (2) the return of service fails to include the date and time that the citation was received by the district clerk for service, (3) because the green card on file bears no signature, service of citation was not accomplished by certified mail, and (4) there is no indication that the person or entity receiving the citation via mail was the authorized agent for service of process of Deutsche. Because the record affirmatively fails to reflect compliance with Rules 16, 105, and 107 of the Texas Rules of Civil Procedure, we reverse the trial court's default judgment. *See* TEX. R. CIV. P. 16, 105, 107.

As the party filing a restricted appeal, it is the duty of Deutsche to show that: (1) it brought the appeal within six months after the trial court signed the complained-of judgment, (2) it was a party to the underlying suit, (3) it did not "participate" in the hearing that resulted in the complained-of judgment and filed neither any timely post-judgment motions nor requests for findings of fact and conclusions of law, and (4) error is "apparent on the face of the record." *See* TEX. R. APP. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). The Halls have not disputed that Deutsche has met qualifications of the first three requirements, contesting only whether the fourth element (i.e., whether error is apparent from the face of the record) exists.

Texas Rule of Civil Procedure 16 requires that "[e]very officer or authorized person shall endorse on all process and precepts coming to his hand the day and hour on which he received them, the manner in which he executed them, and the time and place the process was served and

3

shall sign the returns officially." TEX. R. CIV. P. 16. In addition, Rule 105 provides that the "officer or authorized person to whom process is delivered shall endorse thereon the day and hour on which he received it, and shall execute and return the same without delay." TEX. R. CIV. P. 105. The return must be completed in accordance with Texas Rule of Civil Procedure 107. TEX. R. CIV. P. 107.

"'For well over a century, this court has required that strict compliance with the rules for service of citation affirmatively appear on the record in order for a default judgment to withstand direct attack.'" *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (per curiam) (quoting *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985); *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex. 1965); *Flynt v. Kingsville*, 82 S.W.2d 934, 934 (Tex. 1935); *Sloan v. Batte*, 46 Tex. 215, 216 (1876); *Roberts v. Stockslager*, 4 Tex. 307, 309 (1849))). Where the endorsement does not satisfy Rules 16 and 105, a no-answer default judgment cannot withstand direct attack. *Id.* at 256. "Any deviation from the rules regarding proper service of process will result in the setting aside of a default judgment." *Bank of Am. v. Hill*, No. 06-10-00053-CV, 2010 WL 4324436, at *2 (Tex. App.—Texarkana Nov. 3, 2010, no pet.) (mem. op.).

In this case (as occurred in *Hill*), the district clerk employed the attachment of a green card (which bears the clerk's stamp that incorporates a date and time) in lieu of fully completing the return. We have previously rejected the notion that a "filed for record" stamp constitutes an endorsement. *Id.* at *3; *see also Dominguez v. State*, No. 13-10-00289-CV, 2011 WL 579132, at

4

*2 (Tex. App.—Corpus Christi Feb. 17, 2011, no pet.) (mem. op).  In addition, Rule 107 provides that "[w]hen the citation was served by registered or certified mail as authorized by Rule 106, the return by the officer or authorized person must also contain the return receipt with the addressee's signature."  TEX. R. CIV. P. 107(c).  Therefore, "the green card alone is not proof of service as required by [R]ule 107."  *JPMorgan Chase Bank*, *N.A. v. Tejas Asset Holdings*, *L.L.C.*, No. 05-11-00962-CV, 2012 WL 3929798, at *1 (Tex. App.—Dallas  Sept. 10, 2012, no pet.) (mem. op.).  Absent this proof, there is a facial defect in the return of the service of citation; the absence of a proper service of citation negates the ability to sustain a default judgment.

We reverse the trial court's judgment and remand the case for further proceedings.


Bailey C. Moseley
Justice

Date Submitted:      May 6, 2013
Date Decided:        May 7, 2013

5