

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00041-CV

_____

$9,000.00 U.S. CURRENCY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. CV39845

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Leo Ellis West appeals[1] the order denying his motion to dismiss for lack of personal jurisdiction or, in the alternative, for a bill of review. Because it was error to deny West's motion, we reverse the judgment of forfeiture and dismiss the action against West for lack of personal jurisdiction.[2]

West was stopped by law enforcement on Interstate 30 in July 2010 and arrested on a charge of possession of a controlled substance, hydrocodone. On August 5, 2010, the State filed a notice of seizure and intent to seek forfeiture of $9,000.00 in cash found in West's vehicle at the time of his arrest.[3] Though the citation was issued and mailed by certified United States mail to Leo Ellis West, the return receipt dated August 7, 2010, bears the signature of only Bobby Johnson.[4] There is no officer's return in the record. On August 30, 2010, the trial court rendered a default judgment, which included a recitation that West had been cited but failed to appear, and ordered the $9,000.00 forfeited to the Hopkins County District Attorney's Office. On December 9, 2010, West's possession charge was dismissed with the notation that a valid prescription had been presented.

---

[1]West is pro se. West's brief does not contain any points of error as such, but, in his opening section, he says the appeal is in reference to the trial court's denial of his motion which challenged personal jurisdiction and alternatively presented a bill of review. The body of his brief consists of allegations and a description of the events leading up to and during his litigation.

[2]The State did not file a brief in this case and was not required by the Rules or by this Court to do so.

[3]On or around August 4, 2010, the State filed requests for admission and purportedly sent these to West at the same address to which the suit was sent. Though the requests inform West he had thirty days to answer, because the requests were sent before West's answer was due, he would have had fifty days to respond to the requests. *See* TEX. R. CIV. P. 198.2(a). There is no indication in the record that West completed or responded to the requests.

[4]Johnson swore in an affidavit that he was West's brother who lived with him, that he signed for the letter but forgot to tell West about it, and that the letter was subsequently lost.

On March 1, 2011, West filed a motion to dismiss for want of jurisdiction or, alternatively, a bill of review.[5] The motion alleged that West had not been properly served. The bill of review made the same allegation, as well as claiming that the trial court never acquired personal jurisdiction over West. There are records indicating at least two settings for hearing on West's motion to dismiss and bill of review, in March and December 2011, but there is no indication that a hearing was ever held. In the two years leading up to April 2014, West filed numerous pro se motions, most seeking to have the default judgment dismissed or set aside. In March 2013, West's attorney was allowed to withdraw from the case after West acquiesced to the withdrawal. West's motions filed during the last two years of this case showed him to be incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division.

On April 22, 2014, the trial court entered an order after reviewing and taking judicial notice of the contents of the clerk's file in this matter. The trial court's ruling stated,

> Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and alternative petition for a Bill of Review are DENIED. Filed in March of 2011, at least two hearings were set on these pleadings, with no record that the hearings were held. Further, the Court is taking into consideration the sworn affidavit of Bobby Lee Johnson, the purported brother of the defendant which is offered to support his contention of lack of service of process.
>
> A bill of review plaintiff alleging he was not served must prove that the judgment was rendered unmixed with any fault or negligence of his own. *Caldwell*, 154 S.W.3d at 97. An individual who is not served with process cannot be at fault or negligent in allowing a default judgment to be rendered. *Id*.

---

[5]The bill of review did not contain a verification. But the State never objected to this defect. Also, in a pro se motion to set aside the default judgment and present a bill of review filed by West, he included a declaration under penalty of perjury that the allegations set forth in his motion, including averments as to the lack of service of citation, were true. We find any defect in the lack of verification was waived. *See Galaznik v. Galaznik*, 685 S.W.2d 379, 383 (Tex. App.—San Antonio 1984, no writ).

> Even if the Court were to take Mr. Johnson's version of facts to be true, the requirement the Defendant must prove is lacking. The Court can easily determine that the Defendant's own negligence in the handling of his affairs was at least in part the cause of his alleged lack of notice of the lawsuit filed against him.

The court denied as moot all the intervening pro se motions and requests for relief filed by West.

*Improper Service of Citation*

Rule 106 of the Texas Rules of Civil Procedure allows for service of citation in certain ways:

> Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized . . . by (1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.

TEX. R. CIV. P. 106. If a defendant is served by certified mail under Rule 106(a)(2), "the return by the officer or authorized person must also contain the return receipt with the addressee's signature." TEX. R. CIV. P. 107(c). "[F]ailure to affirmatively show strict compliance renders the attempted service of process invalid and of no effect." *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam). In *Uvalde*, process was found invalid where the registered agent was named "Henry Bunting, Jr.," but service was delivered to "Henry Bunting." *See id.*; *see also Sw. Sec. Serv., Inc. v. Gamboa*, 172 S.W.3d 90, 93 (Tex. App.—El Paso 2005, no pet.) (service directed to registered agent named "Jesus Morales" was invalid when signed for by "Guillermo Montes"); *All Commercial Floors, Inc. v. Barton & Rasor*, 97 S.W.3d 723, 727 (Tex. App.—Fort Worth 2003, no pet.) (return receipt signed by "Mark" with illegible last name invalid given Kelly Lynn Arreola's designation to receive

4

service for defendant); *Bronze & Beautiful, Inc. v. Mahone*, 750 S.W.2d 28, 29 (Tex. App.—Texarkana 1988, no writ) (service of process defective when receipt card signed by someone other than registered agent); *Pharmakinetics Labs., Inc. v. Katz*, 717 S.W.2d 704, 706 (Tex. App.—San Antonio 1986, no pet.) (same). "If someone other than the defendant named in the citation is served with process, the court [does] not secure jurisdiction over the named defendant." *P&H Transp. v. Robinson*, 930 S.W.2d 857, 860 (Tex. App.—Houston [1st Dist.] 1996, writ denied).

Because the certified mail return receipt addressed to Leo Ellis West was signed by Bobby Johnson, service was not effectively completed on West, and the trial court did not acquire personal jurisdiction over him.

Additionally, the record contains no officer's return by the district clerk, just a file stamp on the certified mail return receipt, often called the green card. "We have previously rejected the notion that a 'filed for record' stamp constitutes an endorsement." *Deutsche Bank Trust Co. v. Hall*, 400 S.W.3d 668, 670 (Tex. App.—Texarkana 2013, pet. denied) (citations omitted). This did not comply with Rule 107's requirement that, "[w]hen the citation was served by registered or certified mail as authorized by Rule 106, the return by the officer or authorized person must also contain the return receipt with the addressee's signature." TEX. R. CIV. P. 107(c). The green card by itself was not sufficient to establish proof of service as required by Rule 107. *See Deutsche Bank Trust Co.*, 400 S.W.3d at 670.

Finally, we observe that, even though the default judgment recites that West was duly served with citation, that statement is contradicted by the record. "When a defendant contests a

5

default judgment on the grounds that he was not properly served, recitations in the judgment will not prove service when the record contains no independent evidence of service, such as a return." *State v. Bristol Hotel Asset Co.*, 65 S.W.3d 638, 642–43 (Tex. 2001) (citation omitted). A default judgment is improper against a defendant who has not been served in strict compliance with the law, accepted or waived service, or entered an appearance. *See* TEX. R. CIV. P. 124; *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990).

*Bill of Review*

"A bill of review is an equitable proceeding to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial." *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam) (citation omitted) (*Caldwell II*); *see also* TEX. R. CIV. P. 329b(f) (on expiration of time within which trial court has plenary power, "a judgment cannot be set aside by the trial court except by bill of review for sufficient cause"). A bill-of-review plaintiff must ordinarily prove "(1) a meritorious defense to the underlying cause of action, (2) which the plaintiffs were prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on [its] own part." *Caldwell II*, 154 S.W.3d at 96. "[W]hen a bill-of-review plaintiff claims a due process violation for no service or notice, it is relieved of proving the first two elements set out above." *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012). As for the third element, "[a]n individual who is not served with process cannot be at fault or negligent in allowing a default judgment to be rendered." *Caldwell II*, 154 S.W.3d at 97. "[T]hose not properly served have no

6

duty to act, diligently or otherwise." *Ross v. Nat'l Ctr. for the Emp't of the Disabled*, 197 S.W.3d 795, 798 (Tex. 2006).

"We review a trial court's ruling on a bill of review for an abuse of discretion, indulging every presumption in favor of the court's ruling." *Davis v. Smith*, 227 S.W.3d 299, 302 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Interaction, Inc./State v. State/Interaction*, *Inc.*, 17 S.W.3d 775, 778 (Tex. App.—Austin 2000, pet. denied)). The order, quoted above, contains a disconnect between the recited rule that an unserved defendant by definition cannot be negligent in not responding, and the finding that West was negligent in that way. The record does not demonstrate proper service of citation on West. Not having been served with process, West could not have been at fault or negligent in allowing the default judgment to be taken against him. The determination that West's negligence was at least in part the cause of his lack of notice of the lawsuit is not supported by the record. The suit was filed and mailed to West on or about August 5, 2010, his brother signed for the mail on or about August 7, and the default judgment was entered August 30. We can find nothing in the record pointing to negligence on the part of West in the twenty-three days between the delivery of the suit to his brother and the date of judgment. Strict compliance with the rules relating to proper service is required, lest the service be rendered invalid. *See Primate Constr. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) ("The return of service is not a trivial, formulaic document. It has long been considered prima facie evidence of the facts recited therein."). As noted above, there is no return in the record. Lack of fault or negligence "is conclusively established if the plaintiff can prove that he or she was never served with process." *Caldwell II*, 154 S.W.3d at 97.

7

Under the above facts, West was entitled to relief. We reverse the judgment of forfeiture and dismiss the action against West for lack of personal jurisdiction.

Josh R. Morriss, III
Chief Justice

Date Submitted:     October 3, 2014
Date Decided:       October 30, 2014