

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00503-CV

**IN THE INTEREST OF L.R.M.**, a Child

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2015EM503110
Honorable Nick Catoe Jr., Judge Presiding[1]

Opinion by:     Marialyn Barnard, Justice

Sitting:        Marialyn Barnard, Justice
                Patricia O. Alvarez, Justice
                Irene Rios, Justice

Delivered and Filed:  June 27, 2018

REVERSED AND REMANDED

This is an appeal from a trial court's no-answer default order establishing appellant father's ("Father") parentage and ordering him to pay retroactive child support, child support, and medical support. On appeal, Father contends, among other things, that service of process was defective. We reverse the trial court's order and remand this matter to the trial court.

### BACKGROUND

In March 2015, the Office of the Attorney General of Texas ("OAG") filed a petition to establish the parent-child relationship. In the petition, the OAG alleged Father is the parent of

---

[1] The Honorable Stephani Walsh is the presiding judge of the 45th Judicial District Court, Bexar County, Texas. The order challenged in this appeal was signed by the Honorable Nick Catoe Jr., Associate Judge, Bexar County, Texas.

L.R.M. It asked the trial court to determine Father's parentage and order him to pay retroactive and current child support, as well as medical support.

The OAG caused citation to be issued for the purpose of notifying Father of the pending suit. The record shows that initial attempts at service were unsuccessful, but eventually, a deputy with the Bexar County Sheriff's Office completed a return of service stating he had served Father on August 2, 2016. However, the return of service did not state the address at which service occurred. After several resets, the trial court set the matter for trial on February 21, 2017.

On the date of the hearing, the child's mother and an attorney from the OAG appeared; Father failed to appear. At the hearing, the trial court stated: "I show service on [Father] August the 2nd, 2016. He's not filed a response or made an appearance." The OAG then called the child's mother as a witness, and she testified Father was the father of L.R.M. She also provided evidence regarding Father's alleged income and his failure to provide child support. At the conclusion of the hearing, and then in its February 22, 2017 written order, the trial court declared Father a parent of L.R.M. and ordered him to pay child support arrearages, child support, and medical support. After learning of the trial court's order, Father timely filed a notice of restricted appeal. *See* TEX. R. APP. P. 26.1(c) (stating that in restricted appeal, notice of appeal must be filed within six months of date judgment or order is signed).

## ANALYSIS

On appeal, Father raises three issues. In his first issue, Father challenges the validity of service of process, stating the record shows "no return of citation indicating that [Father] had been served with process." We agree. Because we find this first issue dispositive, we need not address Father's second and third issues.

*Applicable Law*

As the party filing a restricted appeal, Father must show: (1) appeal was perfected within six months after the trial court signed the complained-of order; (2) he was a party to the underlying suit; (3) he did not participate in the hearing that resulted in the complained-of order and filed neither any timely post-judgment motions nor requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See* TEX. R. APP. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). Here, only the fourth element — error apparent on the face of the record — is in question.

The "record" for the purpose of a restricted appeal consists of all the papers before the trial court at the time the judgment was rendered; as such, the scope of appellate review is the same as with an ordinary appeal. *See Norman Commnc'ns, v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam). But the standard of appellate review is more restrictive than with an ordinary appeal — as suggested by the "restricted appeal" moniker — in that the reviewing court does not draw any inferences or presumptions from the record, but must look to the face of the record itself. *Alexander*, 134 S.W.3d at 849–50. As the Texas Supreme Court stated, "a restricted appeal requires error that is *apparent*, not error that may be *inferred.*" *Gold v. Gold*, 145 S.W.3d 212, 213 (Tex. 2004) (per curiam) (emphasis in original); *see Alexander*, 134 S.W.3d at 849–50.

For more than a century, the Texas Supreme Court has held that for a default judgment to withstand direct attack — such as by restricted appeal — strict compliance with the rules governing service of process must affirmatively appear on the face of the record. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 886 (Tex. 1985); *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex. 1965); *Flynt v. Kingsville*, 125 Tex. 510, 82 S.W.2d 934 (1935); *Sloan v. Batte*, 46 Tex. 215, 216 (1876); *Roberts v. Stockslager*, 4 Tex. 307

(1849)). "There are no presumptions in favor of valid issuance, service, and return of citation in the face of a [restricted appeal] attack on a default judgment." *Id.* Moreover, the supreme court has specifically held the return of service "is not a trivial, formulaic document." *Id.* Rather, the return of the service imports absolute verity and carries so much weight that it cannot be rebutted by uncorroborated proof. *Id.* The weight given to a return of service is not diminished when the recitations therein impeach the judgment. *Id.*

With regard to service and return of citation, section 102.009(a)(8) of the Texas Family Code — barring certain exceptions that are not applicable in this case — states that an alleged father is entitled to service of citation on the filing of a petition in an original suit. *See* TEX. FAM. CODE ANN. § 102.009(a)(8) (West 2014). Section 102.009(c) states citation is to be issued and served as in other civil cases, and therefore, we must look to the Texas Rules of Civil Procedure. *See id.* § 102.009(c); *see also* TEX. R. CIV. P. 106 (method of service), 107 (return of service).

Pursuant to Rule 107(a), after citation is executed, the officer or authorized person who executed citation must complete a return of service. TEX. R. CIV. P. 107(a). The return must include, among other things, the address served. *Id.* at R. 107(b)(6). If the record shows a defect in the return of service, then the attempted service of process is invalid and of no effect. *Rone Eng'g Serv., Ltd. v. Culberson*, 317 S.W.3d 506, 508 (Tex. App.—Dallas 2010, no pet.). Any deviation from the rules governing service — including those governing return of service — mandates reversal of a default judgment. *Deutsch Bank Trust Co., N.A. v. Hall*, 400 S.W.3d 668, 670 (Tex. App.—Texarkana 2013, pet. denied). More pointedly, an absence of valid service deprives the trial court of personal jurisdiction over the defendant, rendering a default judgment void. *Seeley v. KCI USA, Inc.*, 100 S.W.3d 276, 279–80 (Tex. App.—San Antonio 2002, no pet.).

*Application*

After reviewing the record, we hold — and the OAG concedes — the return of service in this case is invalid under Rule 107(b)(6) because it does not include the address served. *See* TEX. R. CIV. P. 107(b)(6). Rather, that section of the return is completely blank. Because the return of service lacks the address at which Father was allegedly served with process, service is invalid and error is apparent on the face of the record. *See Alexander*, 134 S.W.3d at 848; *Culberson*, 317 S.W.3d at 508. Given the absence of valid service, the trial court never acquired person jurisdiction over Father, rendering the parentage order void. *See Seeley*, 100 S.W.3d at 279–80. Therefore, reversal of the trial court's default order is mandated. *See Hall*, 400 S.W.3d at 670.

## CONCLUSION

Based on the foregoing, we sustain Father's first issue, holding there is a facial defect in the return of service that negates the sustainability of the no-answer default order rendered by the trial court. Accordingly, we reverse the trial court's order and remand this matter for further proceedings.

Marialyn Barnard, Justice